## No. C-240

**Farmers Elevator Company of Sterling, a Colorado corporation v. First National Bank of Fleming, Colorado, a National Banking Corporation**

(508 P.2d 1261)

Decided April 16, 1973.          Rehearing denied April 30, 1973.

Francis A. Benedetti, for petitioner.

Sandhouse, Sandhouse & Wilson, C. H. Sandhouse, for respondent.

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Petitioner, Farmer's Elevator Company of Sterling, plaintiff below, brought suit against respondent, First National Bank of Fleming, claiming that the bank, as pledgee of certain security, failed to account to petitioner for certain funds held in an account in respondent's bank (Civil Action No. 11296, District Court of Logan County). After trial to the court, with conflicting evidence as to whether petitioner was entitled to any recovery, a judgment was entered in favor of petitioner in the amount of $5959.55. Petitioner filed a motion for a new trial asserting that its judgment should have been much larger and, upon denial of that motion, filed notice of appeal. The notice of appeal was dated October 22, 1970, and designation of the record was filed on the same date.

An execution was subsequently issued out of the district court directed to the Sheriff of Logan County demanding the

sum of $5959.55 which petitioner had recovered against respondent. On November 13, 1970, respondent filed a motion for stay of execution alleging that the respondent bank in a different action between the same parties (Civil Action No. 11356 in the District Court of Logan County), had recovered a judgment against petitioner for an amount in excess of petitioner's judgment in this action and that the prior judgment was final.

Petitioner then filed a motion requesting the court to determine priorities among its creditors, including the priority of an attorney's lien filed by petitioner's attorney. The court entered an order November 16, 1970, staying the execution on the judgment until further order of the court.

Thereafter the following stipulation was entered into between the parties and approved by the court:

"The Court having determined that Francis A. Benedetti is entitled to a first lien upon any monies paid upon the judgment in Case No. 11296, and the parties agreeing that the amount of the claimed attorney's lien and costs to which Mr. Benedetti is entitled is $3,271.70, and the parties agreeing that the amount of the judgment in excess of said claimed attorney's lien in Case No. 11296 should be off-set against the judgment entered by the court in Case No. 11356, the Clerk of the District Court, upon receipt of the payment of $3,271.70 to apply upon the judgment in Case No. 11296, is directed to thereupon pay the said sum of $3,271.70 to Mr. Benedetti as satisfaction of his attorney's lien, and the Clerk of the District Court is thereupon directed to enter a satisfaction in the amount of $6,047.35 in Case No. 11296 and to enter in Case No. 11356 a partial satisfaction in the amount of $2,775.65.

"Dated at Sterling, Colorado this 26th day of February, A. D., 1971"

On March 1, 1971, the payment required by the stipulation, being the amount of the judgment, costs, and interests to date of the stipulation, was made by respondent to the Clerk of the District Court. Immediately following receipt of his fees from the Clerk of the District Court,

petitioner's attorney filed a Receipt for Payment of Attorney's lien, which attempted to preserve petitioner's right to appeal.

Thereafter respondent filed a motion in the Colorado Court of Appeals entitled "Motion to Dismiss Appeal or Plea in Bar to Proceedings on Appeal." This motion was denied without prejudice to the right of respondent to reassert the same in its brief. This was done and the matter was urged in oral argument before the Court of Appeals. The Court subsequently dismissed .the appeal as moot due to the stipulation entered into by the parties and the action of petitioner's attorney in accepting payment pursuant to this stipulation.

## I.

This Court granted certiorari on the sole question: Did the appeal to the Court of Appeals become moot by reason of petitioner's action in accepting benefits pursuant to the stipulation relating to the judgment below?

Petitioner argues that the appeal was not moot on two grounds: (1) the respondent bank made several irrevocable concessions that the amount awarded below was due to petitioner, and thus the amount petitioner received would not be placed in jeopardy pending an unfavorable decision on appeal, and (2) the parties intended that the stipulation would not affect petitioner's right to appeal, and such intent should be controlling.

We hold that petitioner's actions did cause the appeal to become moot. Accordingly, we affirm the judgment of the Court of Appeals.

■ Initially, petitioner argues that certain actions of respondent amount to incontrovertible concessions that the amount awarded below was due petitioner. Petitioner does not dispute the general rule that a party who accepts an award or legal advantage under a judgment normally waives his right to any review of the adjudication which may again put in issue his right to the benefit which he has accepted. *See Wilson v. Automobile Owners Association Insurance Co.*, 152 Colo. 431, 382 P.2d 815. However, petitioner urges that

the alleged concessions of respondent regarding the amount owed brings this case within a well-recognized exception to this general rule, namely, that if a plaintiff recovers a judgment for part of his claim, and the circumstances are such that his right to that part is incontrovertible on the review or retrial which he seeks, he may accept payment, or even enforce execution, as to this lesser judgment without waiving his right to pursue his claim for the balance. *See Annot.,* 169 A.L.R. 1010.

The facts in this case, however, do not warrant application of this exception. None of the three allegedly "irrevocable concessions" which petitioner states respondent had made establish that the amount of the first judgment was admittedly or incontrovertibly owed petitioner by respondent. The first such alleged concession which petitioner urges involves the service of a garnishee summons on the respondent bank, prior to entry of judgment in this case, which commanded the bank not to pay any debt due from the bank to the petitioner. Petitioner contends that by taking such an action shortly before judgment was entered, the bank was admitting that it was indebted to respondent in the present action. A reading of the garnishee summons, however, does not reveal such a concession. In answering the summons, the bank stated only that litigation between respondent and petitioner was in process; it made no admission regarding the amount of any possible indebtedness.

Secondly, petitioner claims that the preparation and submission by the respondent to the trial court of a proposed form of judgment which allegedly admitted indebtedness of the respondent to the petitioner was an incontrovertible concession on the part of respondent. We note that this proposed form of judgment has not been submitted to this Court as part of the record on appeal and, therefore, we cannot determine what actually was said by the respondent in his proposed form of judgment. The petitioner in oral argument advised us that proposed forms of judgment were requested by the trial court from both parties, but we find nothing in the record indicating what statements were made

by the trial court at the time of such request. We are therefore unable to determine whether the trial court directed the inclusion of a statement of liability on the part of the respondent. Under such circumstances, there is no basis in the record upon which we can adjudge petitioner's claim that respondent conceded liability by his proposed form of judgment.

█ Thirdly, petitioner contends that the statements made by respondent during the course of trial concede that the amount awarded was due respondent. The only statements cited by petitioner to support this contention, however, lie within respondent's Brief in Opposition to Motion to Alter and Amend the Judgment and Brief in Opposition to Motion for New Trial. Such statements, speaking to the propriety of the judgment in the trial court, do not amount to a legal concession on the part of respondent. The statements reflect only respondent's decision not to appeal the lower court's judgment. Many factors contribute to a decision as to whether an appeal should be taken, and a decision not to appeal or ask for a modification of judgment does not necessarily infer an incontrovertible concession of liability.

Therefore, as the amount of the judgment due petitioner was determined on conflicting evidence, and respondent has never conceded owing the amount awarded, the exception urged by petitioner is not applicable.

II.

█ Petitioner next contends that it was the intent of the parties that the stipulation in question would not affect petitioner's right to appeal, and such intent should be controlling unless in violation of law or public policy. However, nothing in the record would reveal that it was the *mutual* intent of the parties that petitioner's right to appeal should be preserved. The Receipt for Payment of Attorney's Lien, attempting to preserve petitioner's right to appeal, was signed only by petitioner; and such a unilateral document does not reveal any intent on the part of respondent to preserve appeal rights for the petitioner. Also, the Supplemental Record filed by petitioner, containing a transcript of the hearing held by the court to determine

priorities among the alleged creditors, does not contain any language, other than self-serving declarations by petitioner, which would allow us to infer that respondent agreed that petitioner could both enforce the judgment of the lower court and also prosecute an appeal.

■ Therefore, the act of petitioner in accepting the attorney's fees as part of the satisfaction of the judgment serves to moot his appeal, since the acceptance of the fees is clearly a legal advantage taken pursuant to the judgment in question. *See Wilson v. Automobile Owners Association Insurance Co.,* 152 Colo. 431, 382 P.2d 815.

The judgment of the Court of Appeals is affirmed.