552 P.2d 30 (1976)
In re the MARRIAGE OF James Lowell ELLER, Appellant, and
Norma Jean Eller, Appellee.
No. 75-732.
Colorado Court of Appeals, Div. III.
June 24, 1976.
Robert Dyer, Colorado Springs, for appellant.
Kleinsmith & Johnson, Roger Johnson, Colorado Springs, for appellee.
Selected for Official Publication.
STERNBERG, Judge.
After some 25 years of marriage the parties wished to dissolve their marital bonds. They also desired to avoid the expense of attorney fees. To these ends they purchased a publication entitled "The $27 Divorce." What followed thereafter is a classic example of what may occur when laymen blindly follow a form book to determine their legal rights. The husband underlined portions of that pamphlet which he deemed pertinent to be read by the wife. Thereafter the parties filled in the blanks in a petition form. In one paragraph of the petition they provided for a near equal division of their assets, those assets being an estimated $11,000 equity in a home, two automobiles, and certain other items of personal property. That portion of the prayer which referred to "maintenance" was crossed out.
*31 They filed this petition with the court in December of 1974, but, prior to the hearing on the petition, the wife determined that she had erred in not requesting maintenance, and retained counsel, who filed a motion requesting that maintenance be awarded. The court thereafter entered a decree dissolving the marriage of the parties, and, after a subsequent hearing, awarded the wife $350 per month maintenance for three years, confirmed the property division, and denied the wife's claim for attorney fees. The husband appeals the award of maintenance. We affirm.
The record reflects that, at the time the parties prepared the petition, the wife assumed, in reliance on her work experience in the early years of the marriage, that she could secure a job that would produce income sufficient to support herself. Instead, when she actively sought such employment, she was able only to obtain a job as a cashier paying $2.00 per hour. When faced with the harsh realities of the job market for unskilled, middle-aged women, and before the decree of dissolution of marriage was entered, she made known to the court her desire and need for maintenance. Even then she sought support for only five years. The record also discloses that the children of the parties were emancipated, that the husband receives a tax-free federal employees compensation award of $1,510 per month, and that his living expenses were under $1,000 per month.
In its findings, the court concluded that there was no final agreement with regard to the wife's waiver of maintenance, that her "original consent to striking the prayer for maintenance from the printed form did not constitute a binding waiver," and also, alternatively, that if the parties had agreed to a waiver of maintenance, that waiver was unconscionable and hence was subject to abrogation by the court.
The standards for awarding maintenance are set forth in § 14-10-114, C.R.S. 1973. Applying those standards to the facts of this case we find it clear that the wife qualifies in all respects for the award made herein. See Carlson v. Carlson, 178 Colo. 283, 497 P.2d 1006. Contrary to the husband's contention, the wife is not required to consume her portion of the marital property before being entitled to maintenance. All that is required in that regard is that the court consider her share of such property in arriving at its maintenance award, § 14-10-114(1)(a), C.R.S.1973, and the court did consider such marital property awarded to the wife in making its maintenance decree. Here, the property awarded to the wife was not so substantial as to provide significant income for her to live on.
The husband contends, however, that the striking of the word "maintenance" on the petition requires us to conclude that the parties had reached an agreement in that regard. We disagree. The language in question appeared in the prayer of the petition. The wife changed her mind before that petition was acted upon. For these reasons we do not consider deletion of "maintenance" to be an agreement binding upon the parties. The power to grant alimony has been held to exist even where a wife did not request it. Reap v. Reap, 142 Colo. 354, 350 P.2d 1063.
Moreover, even if we were to treat the striking out of the word as an agreement to waive maintenance, nevertheless under § 14-10-112(3), C.R.S.1973, the court was not required to approve blindly an agreement it found unconscionable. The trial court made alternative findings of unconscionability here, which, on the facts before it, were completely appropriate.
Judgment affirmed.
BERMAN and KELLY, JJ., concur.