In re the MARRIAGE OF Billy H. JONES, Appellant,

and

Gertrude L. Jones, Appellee.

No. 79CA0265.

Colorado Court of Appeals, Div. II.

Aug. 23, 1979.

Rehearing Denied Sept. 20, 1979.

Certiorari Granted Nov. 19, 1979.

One who accepts the legal advantages accruing to him under a judgment waives his right to any review of the adjudication which may again put in issue his right to the benefit which he has accepted. *Farmers Elevator Co. v. First National Bank*, 181 Colo. 231, 508 P.2d 1261 (1973). And, because the issues pertaining to the division of property and maintenance must be considered together in determining whether the trial court has abused its discretion, *see Carlson v. Carlson*, 178 Colo. 283, 497 P.2d 1006 (1972), any error in the resolution of either issue requires a remand for reconsideration of both. *See e. g., In re Marriage of Lodholm*, 35 Colo.App. 411, 536 P.2d 842 (1975). Therefore, where, as here a husband accepts the benefits accruing to him pursuant to the trial court's division of property, he is foreclosed from seeking appellate review of the award of maintenance contained in the same order.

Appeal dismissed.

PIERCE and BERMAN, JJ., concur.

Jerry L. Valentine, Denver, for appellant.

Joseph W. Opstelten, Lakewood, for appellee.

RULAND, Judge.

In an action for dissolution of marriage, appellant, Billy H. Jones, appeals from that part of the trial court's order awarding appellee, Gertrude L. Jones, maintenance in the amount of $400 per month. We dismiss the appeal.

The record reflects that the parties had accumulated marital assets valued at approximately $155,000. In its order, the trial court divided these assets between the parties, awarded wife the maintenance complained of, and directed husband to pay $1,000 toward attorney's fees incurred by wife. Subsequent to entry of the order, the marital assets were distributed in compliance with the court's order, and the husband accepted the benefits accruing to him as a result of that order.