In re the MARRIAGE OF Billy H. JONES, Petitioner,

and

Gertrude L. Jones, Respondent.

No. 79SC319.

Supreme Court of Colorado, En Banc.

April 13, 1981.

Jerry L. Valentine, Denver, for petitioner.

Joseph W. Opstelten, Lakewood, for respondent.

1. *In Re Marriage of Jones*, Colo. App., 602 P.2d 898 (1979).

LOHR, Justice.

We granted certiorari in this dissolution of marriage action to review a judgment of the court of appeals which dismissed an appeal by Billy H. Jones (husband) challenging the district court's award of maintenance and attorney's fees to Gertrude L. Jones (wife).[1] The court of appeals concluded that the husband's acceptance of the property division provisions of the trial court's order foreclosed him from seeking appellate review of that court's award of maintenance and attorney's fees. We reverse the court of appeals' judgment and remand the case for further proceedings.

In November of 1978 the district court entered a decree dissolving the marriage of the parties but deferring the issuance of orders with respect to disposition of property, maintenance and attorney's fees. *See* section 14–10–106(1)(b), C.R.S. 1973. Thereafter, on December 29, 1978, based on evidence earlier presented, the court entered a written order (the final orders) resolving the issues so deferred.

A summary of the final orders will present the relevant facts. The trial court found that the marriage had continued almost thirty years and that the parties had two children, both of whom were of age. At the time of the hearing on the final orders, the couple owned assets having a value of $201,740.08. The bulk of the property consisted of bank accounts, government bonds, stocks and debentures. $47,000 of the total assets was the wife's separate property, acquired by inheritance. *See* section 14–10–113(2)(a). The balance of $154,-740.08 comprised the marital property.

The court set apart the wife's separate property to her and concluded that the marital property should be divided equally. The resulting division gave the husband assets worth $77,107.24 and the wife assets worth $124,632.84, including her $47,000 inheritance.

The court also found that the wife was employed but that her net monthly income

of $420 was insufficient to cover her needs of more than $800 per month for food, clothing, habitation and other necessities. The court determined that the husband's net monthly earnings, excluding income from savings and investments, was $2,320.94. No finding was made as to the husband's monthly expenses. The husband was ordered to pay $400 per month to the wife as maintenance until her death or remarriage. Finally, the court ordered the husband to pay $1000 toward the wife's attorney's fees.

The husband sought reconsideration of the final orders by a motion in the nature of a motion for a new trial, contesting the valuation of certain assets and seeking reversal of the maintenance and attorney's fee awards. The information available to us indicates that the district court made a $2,112.80 adjustment in the property division in favor of the husband but denied his other requests.[2]

The husband sought review of only the maintenance and attorney's fee awards on appeal. The wife did not cross-appeal. The court of appeals held that the husband had accepted the benefits of the property division[3] and so could not seek reversal of the other parts of the final orders. The court of appeals reasoned that the statutory interrelationship between maintenance and property division required that they be considered together or not at all. Although the general principles relied on by the court of appeals are correct, we disagree with the manner in which they have been applied in this case.

### I.

■ Generally, one who has accepted the benefits of a judgment may not seek reversal of that judgment on appeal.

*Farmers Elevator Co. v. First National Bank,* 181 Colo. 231, 508 P.2d 1261 (1973). Underlying this rule is the concern that an appeal in such a case may result in a determination that the appellant is "not entitled to what he has received under the judgment appealed from." *Wilson v. Automobile Owners Association Insurance Co.,* 152 Colo. 431, 433, 382 P.2d 815, 817 (1963). It has also been held that where the provisions of a judgment are so closely connected and mutually dependent that reversal as to one would make it necessary to reverse the others, a party cannot accept the benefit of some of those provisions and still appeal from others. *See Pacific General Contractor's Inc. v. Slate Construction Co.,* 196 Or. 608, 251 P.2d 454 (1952); *see generally,* 4 *Am.Jur.2d Appeal and Error* §§ 250–259 (1952). Although the husband accepted no benefits from the maintenance and attorney's fee provisions of the final orders, the court of appeals concluded that the interrelationship between those awards and the implemented property division order precludes the husband's appeal here. We do not agree with that conclusion.

### II.

■ In cases where an appeal has been taken from the property division, maintenance and attorney's fee provisions of a dissolution of marriage decree as a whole, we have held that they must be considered together to determine whether the trial court abused its discretion. *Carlson v. Carlson,* 178 Colo. 283, 497 P.2d 1006 (1972); *see also In re Marriage of Lodholm,* 35 Colo. App. 411, 536 P.2d 842 (1975). When a property division order has been reversed, in an appeal also challenging the provisions for maintenance, attorney's fees, or both,

**2.** The district court's ruling on the husband's motion was not made a part of the record in this case. Our knowledge of its contents comes from a copy of a letter dated March 27, 1979 from the wife's counsel to the husband's counsel, appended to the wife's answer brief.

**3.** The court of appeals noted that the marital assets had been distributed in compliance with the final orders after entry of those orders.

The only record before us of such an exchange is the letter referred to in footnote 2. That letter reflects the transfer of certain shares of stock and dividend checks from the wife to the husband. The letter also reflects that the husband acquiesced in the deduction of $1,000 from the sum that was to be paid to him as a result of the property distribution, to satisfy the attorney's fee order.

the rule has been to refrain from considering in detail challenges to the maintenance and attorney's fee awards, instead setting those awards aside and remanding the entire matter to the trial court for further consideration in light of the revised property division. *See In re Marriage of Nichols,* Colo.App., 606 P.2d 1314 (1979); *In re Marriage of Johnson,* 40 Colo.App. 250, 576 P.2d 188 (1977); *In re Marriage of Femmer,* 39 Colo.App. 277, 568 P.2d 81 (1977).

The court of appeals has previously entertained challenges to some but fewer than all provisions in final orders in cases where no issue was raised as to the ability to appeal from one provision while accepting the benefits of another. *In re Marriage of Eller,* 38 Colo.App. 74, 552 P.2d 30 (1976) (appeal from a maintenance order, raising no challenge to court approval of an agreed property division); *In re Marriage of Ellis,* 36 Colo.App. 234, 538 P.2d 1347 (1975) (appeal from a property division order while accepting the award of maintenance). We have never considered this issue in a dissolution of marriage context.

We find the requisite guidance for resolution of this case in the Uniform Dissolution of Marriage Act, sections 14–10–101 to 133, C.R.S. 1973, and in its history. An examination of the statutory scheme establishes that when neither party contests a trial court's division of property it is not necessary that the court be able to reconsider the property division in order to correct error in the provisions for maintenance and attorney's fees.

Our statutes provide that maintenance may be awarded only if certain specific findings are first made by the trial court. Section 14–10–114, C.R.S. 1973, provides in pertinent part:

"(1) In a proceeding for dissolution of marriage or legal separation or a proceeding for maintenance following dissolution of marriage by a court, the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:

(a) *lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs;* and

(b) is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home." (Emphasis added.)

The application of subsection (1)(a) presupposes that the court has first set apart to each spouse his or her respective separate property and has divided the marital property. Under this statute the propriety of an award of maintenance depends upon the inadequacy of the property and earning capacity possessed by the party seeking the award. *In re Marriage of Mitchell,* 195 Colo. 399, 579 P.2d 613 (1978).

The history of Colorado's maintenance statute lends further support to the conclusion that the property division must precede the consideration of maintenance. Our Uniform Dissolution of Marriage Act, section 14–10–101 to 133, C.R.S. 1973, is taken from the Uniform Marriage and Divorce Act proposed by the National Conference of Commissioners on Uniform Laws and approved in 1970. The commissioners' comment to the maintenance section, section 308, states that it is the intention "to encourage the court to provide for the financial needs of the spouses by property disposition rather than by an award of maintenance. Only if the available property is insufficient for the purpose and if the spouse who seeks maintenance is unable to secure employment appropriate to his skills and interests or is occupied with child care may an award of maintenance be ordered." 9A Uniform Laws Annotated at 161. *See Baum v. Baum,* 120 Ariz. 140, 584 P.2d 604 (1978) (interpreting that state's counterpart of section 14–10–114(1), and section 308 of the Uniform Act); *In re Marriage of Leon,* 80 Ill.App.3d 383, 35 Ill.Dec. 717, 399 N.E.2d 1006 (1980) (same); *In re Marriage of Johnsrud,* 175 Mont. 117, 572 P.2d 902 (1977) (same). Thus, a highly relevant factor to be considered by the court in effecting a just division of marital property is the extent to which the division will promote the

objective of providing for each party's financial needs without maintenance. *See* section 14–10–113(1), C.R.S. 1973 (1980 Supp.). Only after the property division has been made can the court determine, by application of the statutory standards, whether maintenance is necessary to provide for the reasonable needs of one of the parties. *See* section 14–10–114(1), C.R.S. 1973. If maintenance is necessary, the amount is then to be set by careful application of the criteria in section 14–10–114(2)(a) to (f), C.R.S. 1973.

 It is also noteworthy that a property division which has become final is not subject to modification "unless the court finds the existence of conditions that justify the reopening of a judgment." Section 14–10–122(1), C.R.S. 1973; *see* C.R.C.P. 60. Maintenance, on the other hand, is subject to modification as to future installments "upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable," section 14–10–122(1), C.R.S. 1973, unless the decree provides to the contrary based upon agreement of the parties, section 14–10–112(6), C.R.S. 1973. Thus, in equitably adjusting the financial obligations of the parties based upon changed circumstances, the property division remains fixed and requisite adjustments to achieve fairness are to be made in the maintenance provisions of a decree.

 The narrow question raised by the husband here is whether, in light of the property which the wife owns and her employment income, the wife's circumstances support an award of maintenance under section 14–10–114(1), C.R.S. 1973. This issue does not implicate any need to adjust the property division. *See In re Marriage of Eller, supra.* A reversal of the maintenance award would signify only that the wife has sufficient property and income to provide for her reasonable financial needs so that the award of maintenance was inconsistent with the statutory standard and thus was an abuse of discretion. The wife does not challenge the property division as inequitable, so the husband's acceptance of the benefits of that division does not prejudice her.

 Our analysis of the appealability of the maintenance award also applies with respect to the award of attorney's fees, although the statutory guidance is less explicit. Section 14–10–119, C.R.S. 1973, allows the trial court to grant attorney's fees to either party "after considering the financial resources of both parties." The requirement that the court consider the parties' financial resources does not mandate that the property award be contested in order to challenge the attorney's fee award as an abuse of discretion.

For the foregoing reasons, we conclude that the court of appeals erred in dismissing the husband's appeal.

### III.

Having determined that the husband can appeal from the award of maintenance and attorney's fees, we now turn to the merits of his argument.[4] Our review of the trial court's orders setting maintenance and attorney's fees is limited to a determination of whether those orders constitute an abuse of the trial court's broad discretion. *See, e. g., In re Marriage of Mitchell, supra; Carlson v. Carlson, supra.*

 The thrust of the husband's challenge to the maintenance award is that the trial court abused its discretion under section 14–10–114, C.R.S. 1973, by failing to consider the income which the wife would receive from her substantial property holdings.[5] The record before us, however, is inadequate to permit us to evaluate this

4. Although the court of appeals did not consider the merits of the husband's appeal, we choose to do so rather than remand the case back to that court for that purpose. We have the same record and arguments that were before the court of appeals and our consideration of the merits will promote judicial economy.

5. As noted earlier, both parties' property consists largely of bank accounts, stocks, bonds, and debentures, many of which presumably either accrue interest or pay dividends.

254

contention. No transcript of the testimony before the trial court or any other evidence which may have been presented to that court has been made part of the record on appeal. Moreover, the trial court did not make the findings required by section 14–10–114(1) in support of its order for maintenance. *See also* C.R.C.P. 52(a). Nor did it make sufficiently detailed findings as to the circumstances of the parties to enable this court to evaluate independently the propriety of the award of maintenance. *See Songster v. Songster,* 150 Colo. 466, 374 P.2d 197 (1962) (remand for findings in child custody dispute); *compare In re Marriage of Mitchell, supra* (in absence of the findings required by statute this court satisfied itself from the record that the award of maintenance was appropriate). Illustrative of relevant missing information are dividend and interest history of the parties' investment property, the standard of living during the marriage, the physical and emotional condition of the wife, and the remaining working life of the husband. *See* section 14–10–114(2), C.R.S. 1973.

We conclude, therefore, that we must return this case to the court of appeals for remand to the trial court for specific findings of relevant facts and, if appropriate, reconsideration of the award of maintenance in light of those findings and the requirements of section 14–10–114, C.R.S. 1973. Because the propriety of an award of attorney's fees is to be judged in light of the financial resources of the parties, section 14–10–119, C.R.S. 1973, we set aside that award as well so that it may be reconsidered by the trial court.

The judgment of the court of appeals is reversed and the case is remanded to that court with directions that it be returned to the district court for further proceedings consistent with this opinion.