In re the MARRIAGE OF Beverly A. LEE, Appellant and Cross–Appellee,

and

Harold H. Lee, Appellee and Cross–Appellant.

No. 87CA0314.

Colorado Court of Appeals, Div. II.

May 4, 1989.

Rehearing Denied June 8, 1989.

Certiorari Denied Oct. 23, 1989.

Lynch & Puckett, Daniel Lynch, Denver, for appellant and cross-appellee; Nancy Lee Taylor, Aurora, on the briefs.

McGuane & Malone, Thomas P. Malone, Denver, for appellee and cross-appellant.

Opinion by Judge SMITH.

In a previous appeal of this action, a remand for further proceedings was ordered. *See In re Marriage of Lee*, (Colo. App. No. 83CA0599, (Dec. 20, 1984) (not selected for official publication). (*Lee I*). The result of those remand proceedings has led to this second appeal.

In *Lee I*, this court reviewed the final orders entered by the trial court setting aside to each party his or her separate property, dividing the marital property of the parties, and awarding maintenance and attorney fees to the wife. The original trial court had found and concluded that each of the parties was the owner of a separate corporation or business and set these aside to the respective parties as separate property. It concluded that husband's corporation was the only one whose value had increased during the marriage. It determined the amount of that increase, which together with a house were substantially the only marital assets. These, the trial court divided between the parties. The trial court also ordered wife to repay certain debts to husband's corporation and subsequently granted a motion by husband for additional or amended findings. An award of maintenance and attorney fees was also granted.

In *Lee I* this court reversed the granting of husband's motion for additional findings, concluding that the trial court had lost jurisdiction to enter such order. We also reversed that portion of the judgment directing repayment of loans to husband's corporation on the basis that the corporation was not a party to the action. This court, in *Lee I*, however, concluded, as to division of property, that wife's claims of fraud, manipulation, and undervaluation were without merit.

The result of this court's reversals left the parties in a different financial position than they occupied when maintenance and attorney fees were determined. Therefore, in *Lee I* we remanded with the following direction:

"Because the other issues of maintenance and attorney's fees are so intertwined with the property settlement issue, a new trial on these issues must be had and a new distribution computed as to all three."

Following proceedings conducted on such remand, wife appeals the adequacy of the orders for property division, maintenance, and attorney fees entered by the trial court. Husband cross-appeals the awards

to wife of maintenance and attorney fees. We affirm in part and reverse in part.

## I.

First, wife asserts that the trial court erred when it declined to conduct a trial *de novo* on all issues, but rather limited new evidence to the issues of maintenance and attorney fees, and reaffirmed the order of evaluation, division, and disposition of property based upon a review of the record of the prior proceedings.

In general, a judgment of reversal without direction opens up the whole case. *Talcott v. Delta County Land & Cattle Co.*, 19 Colo.App. 11, 73 P. 256 (1903). However, if a reviewing court does not include in its mandate a specific direction concerning additional proceedings, it is within the trial court's discretion to receive additional evidence or, as here, to rely, in part, on the record of a previous evidentiary hearing. *In re Marriage of Ashlock*, 663 P.2d 1060 (Colo.App.1983). Moreover, it is not necessary that a court be able to reconsider a property division in order to correct error in the provisions for maintenance and attorney fees. *In re Marriage of Jones*, 627 P.2d 248 (Colo. 1981).

Applying these principles to a plain reading of the mandate here leads us to conclude that, although an amendment to the order relative to property was possibly required because the prior order as to payment of loans was reversed, a new evidentiary trial was necessary only as to the issues of maintenance and attorney fees based on the effect, if any, of that modification on the financial circumstances of the parties. The necessity for trial on these issues arises because awards of maintenance and attorney fees must be based on the financial situation of the parties at the time such orders are entered. *See In re Marriage of Newman*, 653 P.2d 728 (Colo. 1982).

The record before us reflects that husband's corporation was joined as a party prior to the hearing on remand. At that time, the court determined that a substan-

tial portion of the debts referred to in *Lee I* were owed personally by wife because she had failed to maintain her business corporation as required by law. However, such debts had already been paid by wife. Thus, we find no abuse of discretion in the court's redetermination of the distribution of property in a manner identical to that under the prior order.

## II.

Wife also contends that the trial court erred by awarding manifestly inadequate maintenance, by not making specific findings relative to its award, and by ruling that the award could not be modified in the future. On the other hand, husband asserts that wife failed to meet the statutory threshold of need. Additionally, he contends that wife is precluded from alleging error in the awards of maintenance and attorney fees because she accepted the payments made under the appealed order.

### A.

Since this latter contention raises a threshold issue, we address it first. It is true, as husband argues, that generally one who accepts the benefits of a judgment may not seek reversal of that judgment on appeal. *Farmers Elevator Co. v. First National Bank*, 181 Colo. 231, 508 P.2d 1261 (1973). However, the supreme court in *In re Marriage of Jones, supra*, impliedly acknowledged that the bar to appeal may be applicable to that portion of a dissolution judgment dividing the property of the parties, yet it held that acceptance of the benefits of such an award did not preclude the appeal of awards of maintenance or attorney fees entered contemporaneously with and based, at least to some degree, on the property division order. The rationale of the court's decision in *Jones, supra*, rests, at least in part, on the unique nature of maintenance and attorney fee awards under the dissolution statute, § 14–10–101, et seq., C.R.S. (1987 Repl.Vol. 6B) and the history and public policy behind such awards as reflected by the statute.

■ In the instant case, although the trial court on remand reconsidered the property division, based on the record of the prior hearing, it reaffirmed that portion of the order and entered new orders only concerning the issues of maintenance and attorney fees. The husband asserts that because wife accepted maintenance payments, and because her attorneys obtained an order requiring husband to pay their fees, she is barred from appealing either of those orders. This appears to be an issue of first impression in Colorado.

The provision of our Uniform Dissolution of Marriage Act dealing with maintenance, § 14–10–114, C.R.S. (1987 Repl.Vol. 6A), makes it abundantly clear that the sole basis for such an award, given some ability on the part of the other spouse, is financial need. Maintenance payments are to provide the means to acquire food, clothing, habitation, and other necessities. *See Magarrell v. Magarrell,* 144 Colo. 228, 355 P.2d 946 (1960). Similarly, the purpose of an award of attorney fees under the provisions of § 14–10–119, C.R.S., (1987 Repl. Vol. 6A) is to insure that neither party is forced to suffer unduly as a consequence of termination of the marriage. *In re Marriage of Mitchell,* 195 Colo. 399, 579 P.2d 613 (1978). It is based on the same underlying premise as an allowance to buy food, clothing or shelter. *Allison v. Allison,* 150 Colo. 377, 372 P.2d 946 (1962).

These needs are, by their very nature, immediate, and in the case of maintenance, continuing. Viewing these matters in this light, other courts have ruled that it would be grossly unfair and against public policy to hold that a spouse must choose between food, clothing, or shelter and the right to appeal what he or she considers to be an inadequate award. *See Stokes v. Stokes,* 738 P.2d 1346 (Okla.1987); *Gordon v. Gordon,* 218 Kan. 686, 545 P.2d 328 (Kan.1976).

We agree with this reasoning of the Oklahoma and Kansas courts and, therefore, hold that a spouse who accepts maintenance payments or an attorney fee award is not precluded thereby from appealing such orders.

**B.**

Our review of the trial court's order setting the amount of maintenance and attorney fees is limited to a determination of whether those orders constitute an abuse of the trial court's broad discretion. *In re Marriage of Jones, supra.*

■ A court awarding maintenance need not make explicit findings that the wife has insufficient property to meet her reasonable needs or is unable to support herself through appropriate employment. *See In re Marriage of Mitchell, supra.* Here, the court found that wife needed maintenance because she was constantly running into debt in the operation of her interior design business. The court expressly stated that it considered all of the relevant statutory factors, although it did not specifically enumerate each of the factors or the relative importance that it placed on each. Since those findings are supported by the record, they are binding on appeal. *See Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

Similarly, we find no abuse of discretion in the court's award to wife of her attorney fees. *See In re Marriage of Peterson,* 40 Colo.App. 115, 572 P.2d 849 (1977).

**C.**

■ Next, wife asserts that the court erred in ruling that its maintenance order could not be modified. Husband contends that the trial court intended the periodic payments to be a means of effecting the property division and that, therefore, such provisions were correctly described in the order as non-modifiable. We agree with wife's position.

Section 14–10–122, C.R.S. (1987 Repl.Vol. 6B) authorizes the modification of maintenance awards even though a decree does not expressly reserve to the court the power to modify such an award. Furthermore, only if the parties have expressly agreed to preclude modification under § 14–10–112(6), C.R.S. (1987 Repl.Vol. 6B) should maintenance be incapable of modification. *In re Marriage of Sinn,* 696 P.2d 333 (Colo.1985).

Although *Sinn* authorizes the court to dispose of property through periodic payments customarily used for the payment of maintenance, we are convinced, under the totality of the circumstances here, that the trial court awarded wife maintenance to assist her in extinguishing the sizeable business and personal debts which she had accumulated during the marriage and after the date of the decree and to assist in her support.

As previously stated, the trial court expressly acknowledged that it had considered the relevant factors of § 14–10–114, C.R.S. (1987 Repl.Vol. 6B) which are applicable to an award of maintenance and found a need for spousal support. The order, thus, was clearly not a periodic division of property under the rule in *Sinn, supra.* Absent an agreement by the parties, the court could not speculate on wife's future needs. Therefore, it was an abuse of discretion, and contrary to public policy and the liberal objectives of the Uniform Dissolution of Marriage Act, for the court to attempt to guess at the parties' future financial situation. *See In re Marriage of Sinn, supra.*

### III.

Next, our decision in *Lee I* is the law of the case with respect to wife's claims of fraud, concealment, and undervaluation of assets. *See In re Estate of Painter,* 671 P.2d 1331 (Colo.App.1983).

### IV.

■ Finally, we find no merit in wife's contention that there was evidence of bias throughout all of the hearings such that she was denied a meaningful opportunity to be heard. Our review of the extensive record discloses no significant evidence of bias or prejudice. In this regard, we note that the original hearing on permanent orders spanned a period of twelve days. *See In re Marriage of Goellner,* 770 P.2d 1387 (Colo.App.1989).

Accordingly, the order is reversed insofar as it precludes any future modification of maintenance and is affirmed in all other respects. This matter is remanded to the trial court with directions to modify the order consistent with the views expressed herein.

MARQUEZ and DUBOFSKY, JJ., concur.