ROBERT NORTON TYLER, Petitioner-Appellee, v. PATRICIA MORRIS TYLER, Respondent-Appellant.

First District (5th Division)   No. 1—89—1625

Opinion filed June 19, 1992.

Carlton E. Odim, of Chicago, for appellant.

Kaufman, Litwin & Gitles, of Chicago, for appellee.

JUSTICE GORDON delivered the opinion of the court:

Respondent Patricia Morris Tyler (Patricia) appeals from a judgment of dissolution of marriage entered in favor of petitioner Robert Norton Tyler (Robert) following the entry of an order of default against her for failure to submit herself to a medical examination pursuant to Rule 215 (134 Ill. 2d R. 215). For the reasons set forth below, we dismiss the appeal due to lack of jurisdiction.

FACTS

Patricia and Robert were married in 1982. In 1987 Robert filed a petition for dissolution of marriage and Patricia filed a counterpetition. The case proceeded through discovery and trial began in early June 1988.

On June 8, 1988, the second day of trial, during Robert's case in chief, the trial court allowed Patricia to call Dr. Totonochi as a witness out of turn. Counsel for Robert objected to Dr. Totonochi's testifying on the grounds that the doctor had not been timely identified as an expert as required by Supreme Court Rule 220. (134 Ill. 2d R. 220.) Counsel argued that he had not had an opportunity to properly depose the doctor and also that without a physical examination of Patricia as provided by Supreme Court Rule 215(a) (134 Ill. 2d R. 215(a)), a deposition would be pointless.

The court agreed with Robert and continued the case to allow Robert to have a physician of his choosing examine Patricia.

Between June 1988 and October 1988, several appointments were apparently made for Patricia to be examined by two doctors chosen by Robert. No examination, however, ever occurred. Patricia contends that she was unable to keep the appointments due to illness, while Robert argues that her failure to submit to an examination was in wilful disregard of the court's orders.

On October 25, 1988, Robert filed a petition for sanctions and an order of default because of Patricia's failure to be examined by his designated doctors. On October 26, 1988, the trial court entered an order striking Patricia's pleadings, but with the proviso that the order would be vacated if she would submit herself for an examination prior to November 2, 1988.

At a status hearing on November 2, 1988, Patricia's attorney informed the court that she had failed to keep one doctor's appointment and had cancelled another that very morning. The court then entered an order of default against Patricia. The order reserved ruling on the issue of a fee petition submitted by Steven Lake, an attorney who had represented Patricia from April 1987 through February 1988.

On November 17, 1988, the court entered an order allowing Patricia's attorneys 21 days to file fee petitions, and continuing all pending fee petitions for status reports on December 12, 1988. On December 6, 1988, Ward Fisher, Patricia's then-current attorney, filed his fee petition.

On January 11, 1989, the trial court entered its judgment for dissolution of marriage. The judgment awarded Patricia half of the couple's marital property, and provided for Robert to pay $36,000 in maintenance. The judgment of dissolution made no mention of attorney fees. In another order entered the same day, the court granted attorney Carlton Odim leave to appear on behalf of Patricia "with the limited exception of representing the respondent relative to Ward Fishers [sic] fee petition."

Following the judgment of dissolution, motions were filed by Robert to dismiss the fee petitions. The motions were denied, and the matter was continued several times. The latest entry in the record before us regarding the fee petitions is an order entered on May 17, 1989, which set the matter for status on June 28, 1989. During oral argument before this court, counsel for Patricia indicated that a status hearing on the matter of fees had been held three weeks prior to oral argument, and the matter was continued until sometime in June 1992.

Patricia's notice of appeal was filed June 16, 1989.

OPINION

On appeal, Patricia contends that the trial court erred in striking her pleadings and holding her in default. Also, she contends that the trial court improperly entered a bifurcated judgment, contrary to the provisions of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 401(b)), when it entered a judgment of dissolution but continued the question of attorney fees for resolution at a later date. Before proceeding to the issue of whether this is a bifurcated judgment, however, we must first determine whether we have jurisdiction over this appeal. For the same reasons Patricia contends the trial court entered a bifurcated judgment, we conclude that we are without jurisdiction and accordingly dismiss this appeal.

We have the duty to consider our jurisdiction over the case even if the parties do not raise the issue. (*J. Eck & Son, Inc. v. Reuben H. Donnelley Corp.* (1989), 188 Ill. App. 3d 1090, 545 N.E.2d 170.) The parties may not confer jurisdiction by consent. *Pruitt v. Pruitt* (1984), 129 Ill. App. 3d 50, 471 N.E.2d 1051.

An appellate court may only hear appeals from final judgments or orders, or in situations in which an exception specified in the supreme court rules is applicable. (*In re Marriage of Verdung* (1989), 126 Ill. 2d 542, 553, 535 N.E.2d 818; *In re Marriage of Ruchala* (1991), 208 Ill. App. 3d 971, 975, 567 N.E.2d 725.) A final judgment is one which finally disposes of the rights of the parties either upon the entire controversy or upon some definite and separate branch thereof. *Hull v. City of Chicago* (1987), 165 Ill. App. 3d 732, 733, 520 N.E.2d 720.

In *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 449 N.E.2d 137, our supreme court examined the finality and appealability of judgments in dissolution of marriage cases where all issues are not resolved. *Leopando* involved an appeal from a custody order in which

the court reserved for future consideration the issues of maintenance, property division and attorney fees.

The court held the custody order was not a final order since it did not terminate a separate claim between the parties. In reaching this conclusion, it considered the interrelationship between custody and the financial issues in a dissolution proceeding, and determined that they are part of a single claim. The court stated:

"A petition for dissolution advances a single claim; that is, a request for an order dissolving the parties' marriage. The numerous other issues involved, such as custody, property disposition, and support are merely questions which are *ancillary* to the cause of action. [Citation.] They do not represent separate, unrelated claims; rather, they are separate issues relating to the *same* claim. In fact, it is difficult to conceive of a situation in which the issues are more interrelated than those involved in a dissolution proceeding. *** Practically speaking, then, until all of the ancillary issues are resolved, the petition for dissolution is not fully adjudicated." (Emphasis in original.) (*Leopando*, 96 Ill. 2d at 119.)

As a result, the court held that the custody order was not a separate claim, and thus not appealable, notwithstanding the fact that the trial court had included in the order language "that there is no just reason to delay enforcement or appeal of this Order." *Leopando*, 96 Ill. 2d at 116.

■ Although *Leopando* was decided in the context of an appeal under Rule 304(a) of a "final judgment as to one or more but fewer than all of the parties or claims" (134 Ill. 2d R. 304(a)), its principles are applicable here. The record on appeal indicates that the issue of attorney fees remains unresolved. As noted above, the last order in the record relating to fees indicates that the matter was continued. The record contains no order granting, denying or dismissing the fee petitions. Counsel for Patricia indicated to this court that the matter is still pending and has been continued until later this month. To allow an appeal from this judgment of dissolution while the question of attorney fees remains pending in the trial court would run afoul of the policy to " 'encourage[ ] the court to decide *all matters incident to the dissolution in a single judgment*, to the fullest extent of its authority, in order to achieve finality, promote judicial economy, and avoid multiple litigations and complications which can result from the entry of partial judgments, particularly judgments which dissolve the marriage but "reserve" remaining issues for later determination.' " (Emphasis added.) (*In re Marriage of Cohn* (1982), 93 Ill. 2d 190, 197-98, 443

N.E.2d 541, as quoted in *Leopando*, 96 Ill. 2d at 120.) As a result, we conclude that the order from which Patricia appeals is not a final one. See *In re Marriage of Derning* (1987), 117 Ill. App. 3d 620, 453 N.E.2d 90 (court dismissed an appeal from an order of dissolution which left for later resolution the apportionment of attorney fees; *In re Marriage of Piccione* (1984), 158 Ill. App. 3d 955, 511 N.E.2d 1157 (court concludes it is without jurisdiction to hear appeal of order increasing child support which order reserved question of attorney fees); *In re Marriage of Rosenow* (1983), 123 Ill. App. 3d 546, 462 N.E.2d 1287 (order of dissolution reserving question of apportionment of pension benefits not final and therefore not appealable).

Accordingly, for all the above reasons, this appeal must be dismissed for want of jurisdiction.

Appeal dismissed.

McNULTY, P.J., and LORENZ, J., concur.