In re the **MARRIAGE OF Mark D. HILL, Appellant,**

and

**Nancy J. Hill, Appellee.**

**No. 06CA0003.**

Colorado Court of Appeals, Div. V.

May 31, 2007.

Johnson Law Corporation, Maurice A. Johnson, Centennial, Colorado, for Appellant.

Ebisch Law Firm, Jane G. Ebisch, Lakewood, Colorado, for Appellee.

Opinion by Judge CARPARELLI.

Mark D. Hill (husband) appeals the permanent orders entered in this dissolution of marriage action between him and Nancy J. Hill (wife). We dismiss the appeal for lack of a final order.

## I. Facts

Husband filed a verified petition for dissolution of marriage, and wife's response asked the court to order husband to pay the attorney fees and costs she incurred in the action. Wife raised the attorney fees issue at the temporary orders hearing, and the trial court told her to pursue the request under "Rule 121 after the hearing."

The trial court conducted the permanent orders hearing in November 2005. On December 1, 2005, wife submitted an affidavit of attorney fees which detailed the attorney's services and charges in the matter. On December 13, 2005, the trial court issued permanent orders that resolved the property division, award of maintenance, and child support. However, the permanent orders did not address wife's request for attorney fees. Husband appealed.

Because the permanent orders did not address attorney fees, this court ordered husband to show cause why the appeal should not be dismissed for lack of an appealable final order. The motions division deferred the issue to the division assigned to decide the merits of the appeal and ordered the parties to brief the issue.

■ We conclude that payment of attorney fees under § 14–10–119, C.R.S.2006, is a substantive aspect of dissolving a marriage, and that permanent orders are not final until the court addresses attorney fees and determines the extent to which each party is responsible for their payment.

## II. Classification of Attorney Fees and Finality

■ A judgment is final and therefore appealable if it disposes of the entire litigation on its merits, leaving nothing for the court to do but execute on the judgment. *Kempter v. Hurd,* 713 P.2d 1274, 1277 (Colo. 1986); *Grand County Custom Homebuilding, LLC v. Bell,* 148 P.3d 398, 400 (Colo. App.2006). However, when an order ends litigation on the merits, but an issue remains to be decided after the order has entered, the remaining issue does not prevent finality when its resolution will not change or moot the determinations contained in the order. *Baldwin v. Bright Mortgage Co.,* 757 P.2d 1072, 1073 (Colo.1988).

■ Depending on the nature and circumstances of a case, a party may seek attorney fees as damages, or, like costs, as an entitlement of having prevailed in the action.

When fees are sought as a consequence of the tort or breach of contract sued upon, such as in insurance bad faith claims, they are part of the substance of the claims asserted and are treated as damages. When this is so, the court's rulings are not appealable until the amount of fees has been determined and included in the judgment. *Ferrell v. Glenwood Brokers, Ltd.,* 848 P.2d 936, 941–42 (Colo.1993).

When a party seeks to recover the attorney fees it incurred to litigate the action before the court, based on a contractual or statutory fee-shifting provision, the fees are treated like costs, and the court need not address the issue until the litigation is completed and an order granting relief has entered. In these circumstances, an appeal on the merits can proceed independently of the trial court's determination of the fees issue. *Ferrell, supra,* 848 P.2d at 941–42; *Roa v. Miller,* 784 P.2d 826, 829 (Colo.App.1989).

When considering a petition for dissolution, a court must address several intertwined issues, including parental responsibilities, child support, spousal support, and disposition of property. These are not separate claims; they are issues that are part and parcel of dissolving the marriage. *See Tyler v. Tyler,* 230 Ill.App.3d 1009, 172 Ill. Dec. 840, 596 N.E.2d 119, 121 (1992).

In addition to these issues, § 14–10–119 authorizes the court to order a party to pay attorney fees and costs incurred by the other party in maintaining and defending a dissolution action. *In re Marriage of Shapard,* 129 P.3d 1007, 1010 (Colo.App.2004). It provides:

> The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this article and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

Thus, when determining whether to order a party to pay the other party's attorney fees and costs, the trial court must consider the relative financial resources of each party and make findings concerning their relative incomes, assets, and liabilities. *In re Marriage of Aldrich,* 945 P.2d 1370, 1378 (Colo.1997); *In re Marriage of Kiefer,* 738 P.2d 54, 56 (Colo.App.1987). The court is required to apportion attorney fees to ensure that neither party suffers undue economic hardship as a result of the proceedings. *In re Marriage of Yates,* 148 P.3d 304, 315 (Colo.App.2006). Thus, when an appellate court reverses a property division, the trial court must make a new property division, and, because the issues are "inextricably intertwined," it must also reconsider the award of maintenance and the apportionment of attorney fees in light of the new property division. *In re Marriage of Antuna,* 8 P.3d 589, 595 (Colo.App.2000); *In re Marriage of Wormell,* 697 P.2d 812, 815 (Colo.App.1985).

In *Tyler v. Tyler, supra,* 596 N.E.2d at 121–22, the Illinois court concluded that allowing an appeal from the judgment of dissolution while the question of attorney fees remained pending in the trial court undermined the policy encouraging the court to decide all matters incident to the dissolution in a single judgment to achieve finality, promote judicial economy, and avoid complications resulting from the entry of partial judgments. There, the court determined that it was without jurisdiction and dismissed the appeal.

The apportionment of attorney fees under § 14–10–119 is fundamentally different from statutory and contractual fee-shifting provisions that premise the award of attorney fees on the merits of the claims and a determination of who prevailed in the action. Therefore, we conclude that the apportionment of attorney fees in a dissolution action is an integral and substantive part of equitably disposing of the parties' assets and liabilities and dissolving the marriage. As a result, the permanent orders here are not final because they do not resolve wife's request for the apportionment of attorney fees and costs and do not reduce the amount to be paid, if any, to a sum certain.

### III. Waiver

Husband argues that wife abandoned her request for fees because she did not file a post-hearing motion in conformity with C.R.C.P. 121 § 1–22, made no other attempt to preserve the issue of fees, and represented to the trial court by way of her counsel's notice of withdrawal that there were no unresolved matters that were pending. We find no waiver of the attorney fees request.

Waiver is the intentional relinquishment of a known right. Waiver may be express, as when a party states its intent to abandon an existing right, or implied, as when a party engages in conduct which manifests an intent to relinquish the right or acts inconsistently with its assertion. To constitute an implied waiver, the conduct must be free from ambiguity and clearly manifest the intent not to assert the benefit. *In re Marriage of Robbins*, 8 P.3d 625, 630 (Colo.App. 2000).

Here, wife properly requested fees in her response to husband's petition. *See* § 14–10–107(2)(f), C.R.S.2006 (petition shall set forth relief sought). Attorney fees were also listed as a disputed issue in the parties' joint trial management certificate, and husband acknowledges that wife raised the issue at the permanent orders hearing and indicated that post-trial documents regarding that issue would be filed. The submission of counsel's fee affidavit shortly after the permanent orders hearing was consistent with that representation and dispels any inference that wife intended to abandon her request.

Although it was within the trial court's discretion to utilize the procedures of C.R.C.P. 121 § 1–22, as it indicated it would at the temporary orders hearing, we conclude that wife's failure to file a motion in conformity with that rule did not operate as a waiver of her request for fees. *See Coe v. Crady Davis Corp.*, 60 P.3d 794, 795 (Colo. App.2002)(where defendant plainly requested attorney fees in its answer and during trial, it did not waive its request by failing to present evidence); *cf. In re Marriage of Stress*, 939 P.2d 500, 504 (Colo.App.1997) (waiver of request occurred where trial court never indicated its intention to consider attorney fees issue at a later date and mother advanced no argument, made no offer of proof, and presented no evidence at the hearing concerning attorney fees).

Contrary to husband's contention, we conclude that the withdrawal of wife's counsel before determination of the attorney fees issue cannot be construed as a waiver by wife regarding payment of her attorney fees. *See Morrison v. Peck*, 151 Colo. 83, 86–87, 376 P.2d 58, 60 (1962) (case remanded for determination of the amount of attorney fees where the attorney withdrew as counsel for the wife and trial court denied attorney's motion for allowance of fees, notwithstanding absence of evidence or offer of proof regarding the fees due for services rendered before withdrawal).

### IV. Severability

We also reject husband's contention that the issue of attorney fees is severable because the trial court did not reserve the issue in either the decree or permanent orders. *See Tyler v. Tyler, supra*, 172 Ill.Dec. 840, 596 N.E.2d at 120.

### V. Appellate Attorney Fees

We decline wife's request to order husband to pay her appellate attorney fees under § 14–10–119. Instead, wife may raise the issue in the trial court. *See In re Marriage of Chalat*, 112 P.3d 47, 59 (Colo.2005)(entrusting to the trial court "the determination of entitlement to or the amount of any attorney fees" and costs on remand (quoting C.A.R. 39.5)).

The appeal is dismissed without prejudice.

Judge VOGT and Judge J. JONES concur.