2014 COA 4

IN RE the MARRIAGE OF Melissa Christie DE KONING,
Appellant,

and

Kendrik Jon de Koning, Appellee.

Court of Appeals No. 12CA2334

Colorado Court of Appeals,
Div. I.

Announced January 2, 2014

Senn Visciano Canges, P.C., James S. Bailey, Denver, Colorado, for Appellant.

Robert E. Lanham, P.C., Robert E. Lanham, Boulder, Colorado, for Appellee.

Opinion by JUDGE TAUBMAN

¶ 1 In this dissolution of marriage proceeding, Melissa Christie de Koning (wife) appeals from the trial court's order granting Kendrick Jon de Koning (husband) a protective order regarding production of documents in connection with wife's request for attorney fees, and from the portion of the permanent orders denying her an attorney fee award. We vacate the protective order, reverse the attorney fee portion of the permanent orders, and remand for further proceedings.

## I. Pertinent Background

¶ 2 During the highly contested dissolution of marriage proceedings, wife incurred approximately $90,000 in attorney fees. By court order, husband paid $20,000 of those fees prior to the permanent orders hearing. At the permanent orders hearing, wife requested that husband pay her remaining attorney fees under section 14–10–119, C.R.S. 2013.

¶ 3 Following the hearing, the trial court entered a decree of dissolution, together with a written order dividing the parties' marital estate, and resolving the issues of allocation of parental responsibilities, child support, and maintenance. However, the court deferred ruling on wife's request for attorney fees and, instead, set a hearing approximately six months later to determine (1) whether an award of attorney fees was appropriate and, (2) if so, the reasonableness and necessity of the requested attorney fees and costs.

¶ 4 Wife then served husband with a request for production of documents, seeking updated information relating to his personal and business bank accounts and credit cards and his business financial reports. Husband moved for a protective order, arguing that his current finances were not relevant to the upcoming hearing.

¶ 5 The court agreed with husband and granted the protective order. It found that any attorney fees awarded must be "based on the parties' respective financial situation" as of the date of the decree, and not as of the date of the upcoming attorney fee hearing.

¶ 6 Wife testified at the attorney fee hearing that she had incurred significant personal debt to meet her attorney fee obligations, which she claimed were necessary to discover evidence of husband's business finances. She also alluded to evidence that the assets in the mutual fund of which husband was part owner had increased in value by $100 million since the date of the decree. Husband testified that he could not afford to pay wife's attorney fees and that he should not be ordered to do so because "on paper" both spouses had the same amount of assets. He claimed that wife's assertion regarding his increased assets was not supported by testimony.

¶ 7 Following the hearing, the court found that the parties' "animosity" and husband's "complicated" business finances led to them spending "nearly [forty percent] of the total net value of the marital estate" on attorney fees. The court also expressed "sympath[y]" for wife's inability to pay her fees. Nevertheless, the court denied wife's request, and ordered each party to pay his or her own fees and costs. The court found that (1) the parties' finances were "roughly equal"; (2) husband lacked the ability to pay wife's fees; and (3) wife's attorney fee affidavit lacked

specificity to allow it to "make any reasoned judgment on the necessity and reasonableness" of the fees incurred.

## II.   Attorney Fee Order

¶ 8 The central dispute in this appeal is whether the court had the discretion to consider evidence of the parties' financial circumstances on the date of the attorney fee hearing.

¶ 9 Wife contends that a court considering an attorney fee request under section 14–10–119 must consider the parties' "current" financial resources. Thus, she argues, the court erred as a matter of law when it prohibited her from presenting evidence of the parties' financial circumstances as they existed at the time of the attorney fee hearing.

¶ 10 Husband maintains that the court must consider only the parties' respective financial positions as of the date of the decree, because an award of attorney fees is considered with the property division and maintenance award. Thus, he argues, even if a hearing on attorney fees is held subsequent to the decree, a court "cannot consider the financial circumstances at that later date."

¶ 11 Both parties assume that there were two separate hearings in this case—a complete permanent orders hearing followed by an attorney fee hearing. We reject that assumption.

¶ 12 Instead, we conclude that the attorney fee hearing was an extension of the permanent orders hearing, and that therefore the permanent orders were not fully resolved until the attorney fee order was entered. Consequently, evidence of the parties' financial resources when the attorney fee hearing occurred was not only relevant but was necessary for the court to determine whether wife was entitled to fees under section 14–10–119. Accordingly, we agree with wife that the court erred by prohibiting evidence of the parties' financial resources as of the date of the attorney fee hearing.

### A.   Standard of Review

¶ 13 We review the trial court's decision to award attorney fees and costs for an abuse of discretion, but we review the legal conclu-

sions forming the basis for that decision de novo. *In re Marriage of Gallegos*, 251 P.3d 1086, 1087 (Colo.App.2010).

### B.   "Current Financial Resources"

¶ 14 Under section 14–10–119, a court may, "from time to time, after considering the financial resources of both parties, ... order a party to pay a reasonable amount for the cost to the other party of maintaining ... any proceeding under this article and for attorney fees."

¶ 15 Wife argues that this statute is supported by "long-established case law" holding that "[t]he purpose of an award of attorney fees ... is to apportion the costs of dissolution equitably based on the current financial resources of the parties." *In re Marriage of Lewis*, 66 P.3d 204, 207 (Colo.App.2003); *see also In re Marriage of Woolley*, 25 P.3d 1284, 1289 (Colo.App.2001); *In re Marriage of Weibel*, 965 P.2d 126, 130 (Colo.App.1998); *In re Marriage of Foottit*, 903 P.2d 1209, 1214 (Colo.App.1995); *In re Marriage of Renier*, 854 P.2d 1382, 1386 (Colo.App.1993). We agree with wife's reading of these cases.

¶ 16 However, in all these cases, the division considered the request for attorney fees simultaneously with the other issues before it. None of the decisions addresses the situation we have here, where the court considered the attorney fee request nearly six months after determining the other issues. Thus, while they provide guidance, these cases are not determinative.

### C.   Permanent Orders

¶ 17 Instead, to determine whether the court erred when it prohibited evidence of the parties' financial resources at the attorney fee hearing, we must determine whether the permanent orders were complete after the first hearing. We conclude they were not.

¶ 18 A permanent orders proceeding requires the court to make findings and enter orders on several intertwined issues, including parental responsibilities, child support, spousal support, disposition of property,

and attorney fees. *See In re Marriage of Hill*, 166 P.3d 269, 272 (Colo.App.2007). "These are not separate claims; they are issues that are part and parcel of dissolving the marriage." *Id.* Thus, until a court enters findings and orders on each of these "inextricably intertwined" issues, permanent orders are not yet complete. *Id.*

¶ 19 Here, when it entered the decree, the trial court entered orders for property division, parental responsibilities, maintenance, and child support. However, it did not determine whether wife was entitled to an award of attorney fees until nearly six months later. Until the court determined that final issue, the permanent orders proceedings were not complete.[1]

¶ 20 Thus, evidence of the parties' finances should not have been "frozen" as of the date of the decree. Rather, as a matter of equity, the court should have considered the parties' financial circumstances at the time of the attorney fee hearing. Without such updated evidence, the court could not determine whether an attorney fee award was required to meet the "equitable purposes" of section 14–10–119: (1) to equalize the parties' status and (2) to ensure that neither party suffers undue economic hardship as a result of the proceedings. *See In re Marriage of Yates*, 148 P.3d 304, 315 (Colo.App.2006); *cf. In re Marriage of Wells*, 850 P.2d 694, 698 (Colo. 1993) (it is impossible for a trial court to weigh the equities involved in the division of marital property if the court is unable to consider the changed circumstances of the parties during the pendency of the litigation).

¶ 21 Indeed, a trial court reconsidering an attorney fee award on remand must consider evidence of the parties' then-current resources to determine whether an award of attorney fees is equitable. *See, e.g., Renier*, 854 P.2d at 1386.

### D. Husband's Arguments

¶ 22 Husband argues that *In re Marriage of Rieger*, 827 P.2d 625, 626 (Colo.App.1992), compels a different conclusion. In *Rieger*, the trial court found that the wife was enti-

tled to an award of attorney fees based on its review of the parties' financial resources. However, because the order failed to reference section 14–10–119, a division of this court remanded the issue of attorney fees for further findings. Because the trial court had previously engaged in a "thorough review of the parties' financial resources," the division directed the trial court not to reopen that issue on remand. *See id.*

¶ 23 *Rieger*, however, is distinguishable. Unlike the court in *Rieger*, the trial court here had neither determined that wife was entitled to fees nor considered the parties' financial resources relative to her fee request at the time of the initial permanent orders hearing. Thus, it was required to address those issues at the fee hearing.

¶ 24 Nor are we persuaded by husband's other argument that a court may consider evidence of the parties' finances subsequent to the decree only under two limited situations: (1) when a remand order directing the trial court to reconsider a property division also requires reconsideration of attorney fees, *see Wells*, 850 P.2d at 698; and (2) when a party requests attorney fees as part of a post-decree motion to modify maintenance, *see In re Marriage of Nelson*, 2012 COA 205, ¶ 16, 292 P.3d 1214. Rather, here, by delaying its decision on section 14–10–119 attorney fees until a later date, the court effectively left the permanent orders open and unresolved until the attorney fee hearing, and thus should have considered the parties' financial circumstances at the time of that hearing.

### E. Conclusion

¶ 25 Accordingly, we reverse that part of the judgment pertaining to the attorney fees award, and remand the case for the court to reconsider the issue based on the parties' financial circumstances at the time of the hearing on remand. *See Renier*, 854 P.2d at 1386. Except to the extent wife reports updated fees incurred since the attorney fee hearing, any award of fees shall be based on

1. We believe the court's intent in continuing the hearing until another date was to give the parties a full opportunity to argue the attorney fee issue. Yet, this kind of extended proceeding may engender further litigation between parties to a dissolution, as has been the case here.

wife's existing fee affidavit (Exhibit 3–A). The court may, in its discretion, decide whether any award of attorney fees should be discounted based on her "highly general" attorney fee affidavit.

### III. Attorney Fee Affidavit

¶ 26 We reject husband's alternative argument that the fee order can be upheld because the trial court found that wife's attorney fee affidavit lacked specificity. The court's dissatisfaction with the fee affidavit pertained only to its inability to determine whether certain of the fees requested were reasonable and necessary. This finding is only part of the court's analysis, and is not akin to a determination that wife is not entitled to fees based on the parties' financial resources. *See Woolley*, 25 P.3d at 1289 (Taubman, J., concurring in part and dissenting in part) (an award of fees under section 14–10–119 requires a two-part inquiry: first, the court must determine the amount of a reasonable attorney fee, and, second, the court must apportion that amount based on the parties' relative economic circumstances).

¶ 27 Moreover, the court found that the effort of wife's attorney was not "unreasonable," was necessary for the court to "fully understand" the business valuations, and was "understandable in context" of the difficult litigation. The court also noted that the hours spent by both husband's and wife's attorneys were similar. These findings do not support the alternative conclusion husband urges us to reach.

### IV. Protective Order

¶ 28 Because the trial court is directed to reconsider on remand its attorney fee ruling based on the parties' financial circumstances at the time of a hearing on remand, the parties are entitled to discover any relevant information on that issue. *See* C.R.C.P. 26(b)(1) (parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party; relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence); *see also* C.R.C.P. 16.2(f)(4) (unless otherwise provided else-

where in Rule 16.2, parties in domestic relations cases follow the discovery provisions of C.R.C.P. 26).

¶ 29 We thus vacate the protective order.

### V. Appellate Attorney Fees

#### A. Wife's Request

¶ 30 Wife requests her attorney fees on appeal under section 14–10–119. Because the trial court is better situated to address the necessary factual determinations related to her request, we exercise our discretion under C.A.R. 39.5 and direct the trial court to address on remand whether wife is entitled to an award of such fees and, if so, in what amount. *See Yates*, 148 P.3d at 318.

#### B. Husband's Request

¶ 31 Given our resolution, we deny husband's request for fees on appeal under section 13–17–102, C.R.S.2013.

¶ 32 The protective order is vacated. That part of the judgment pertaining to attorney fees is reversed, and the case is remanded to the trial court to reconsider the attorney fee award and to consider wife's request for appellate attorney fees.

JUDGE LICHTENSTEIN and JUDGE MILLER concur.