24CA1620 Marriage of Schmidt 05-15-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1620
Arapahoe County District Court No. 22DR1404
Honorable Christina Apostoli, Judge

---

In re the Marriage of

Sara Jean Schmidt,

Appellant,

and

Andrew Robert Schmidt,

Appellee.

---

JUDGMENT AFFIRMED IN PART AND REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division A
Opinion by CHIEF JUDGE ROMÁN
Bernard* and Hawthorne*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 15, 2025

---

Springer and Steinberg, P.C., Amy M. Springer, Michael P. Zwiebel, Denver, Colorado, for Appellant

Montgomery, Little, & Soran, P.C., Sibylle M. Clark, Greenwood Village, Colorado, for Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1     In this dissolution of marriage case between Sarah Jean Schmidt (wife) and Andrew Robert Schmidt (husband), wife appeals the permanent orders regarding property division, maintenance and child support. We affirm the portion of the judgment concerning property division, and reverse the portions of the judgment concerning maintenance, child support, and attorneys fees, and remand the case to the district court.

## I.     Background

¶ 2     In 2022, the parties petitioned to dissolve their nineteen-year marriage. The hearing on the petition took place in January 2024, but the judicial officer retired without notifying the parties or issuing permanent orders. In July 2024, a new judicial officer issued permanent orders based on the hearing transcript. In dividing the marital estate, the court determined an interest in a mountain condominium was husband's separate property. It also denied wife's request for maintenance. Wife moved to amend the permanent orders pursuant to C.R.C.P. 59 to address six outstanding issues, including her motion for attorney fees and costs. The court issued orders addressing these issues and denying wife's motion for attorney fees in October 2024.

## II. Classification of Mountain Condominium

¶ 3 We consider and reject wife's contention that the district court erred by classifying a portion of the mountain condominium as husband's separate property interest.

### A. Standard of Review and Applicable Law

¶ 4 The classification of property as a marital asset or a separate asset presents a legal issue that is based on the district court's factual findings. *In re Marriage of Morton*, 2016 COA 1, ¶ 5. We defer to the court's factual findings absent an abuse of discretion and independently review its resolution of legal questions. *Id.*

¶ 5 A property division requires two steps: first, the court determines whether an interest constitutes "property" and then, if so, whether it is marital or separate property. *In re Marriage of Balanson*, 25 P.3d 28, 35 (Colo. 2001). The court sets aside the spouses' separate property and then divides the marital property. § 14-10-113(1), C.R.S. 2024.

¶ 6 All property acquired during the marriage is presumed marital. *See* § 14-10-113(3); *In re Marriage of Vittetoe*, 2016 COA 71, ¶ 18. The marital property presumption can be overcome by evidence establishing that the property in question falls within one

2

of four exceptions listed in section 14-10-113(2).  *Balanson*, 25 P.3d at 36.  In this context, property that is acquired in exchange for premarital property is excluded from the marital property.  *See* § 14-10-113(2)(b).  To retain its separate character, premarital property must be traceable to specific assets and there must be clear and convincing evidence of a party's intent to keep the property separate.  *See In re Marriage of Capparelli*, 2024 COA 103M, ¶¶ 11, 17; *see also In re Marriage of Green*, 169 P.3d 202, 204 (Colo. App. 2007).

## B.    Analysis

¶ 7      The district court classified $525,000 of the value of a jointly titled mountain condominium as husband's separate property, and the remainder as marital property.  In its orders, the court recited appropriate law in making a separate property determination, including that property in joint ownership is presumed to be marital property unless there is clear and convincing evidence to the contrary.

¶ 8      The record supports the court's finding that husband retained a separate property interest of $525,000 in a portion of the mountain condominium.  Husband's property tracing expert

testified that husband inherited a large sum of money, transferred $525,000 into an account held by husband alone, and "the intent was for that money to be parked there for a few days before it got moved out" and was loaned to allow the purchase of the mountain condominium. The court received the property tracing expert's report into evidence. Husband also testified that he transferred the funds from an inherited account with the intent that they would remain a separate property interest. Although wife provided evidence of a contrary intent, it is in the district court's sound discretion to resolve discrepancies in the evidence. *Morton*, ¶ 5. The court "can believe all, part, or none of a witness's testimony, even if uncontroverted, and its resolution of conflicting evidence is binding on review." *In re Marriage of Amich*, 192 P.3d 422, 424 (Colo. App. 2007). We will not reweigh the evidence or set aside the court's findings when, as here, the record supports them. *See In re Marriage of Evans*, 2021 COA 141, ¶ 45.

¶ 9 We therefore discern no error in the court's classification of husband's separate property interest in the mountain condominium.

### III. Maintenance and Child Support

¶ 10    Next, wife argues that the district court erred in determining her income for maintenance and child support purposes. Because we are unable to discern how the court arrived at wife's income, we agree.

¶ 11    When awarding maintenance and child support, the district court must make findings concerning the parties' gross incomes. § 14-10-114(3)(a)(I)(A), (8)(c)(I), C.R.S. 2024 (maintenance); § 14-10-115(3)(c), (5)(a)(I), C.R.S. 2024 (child support). We review a court's maintenance and child support orders for an abuse of discretion, and, in doing so, we will not disturb the court's factual findings unless they are unsupported by the record. *In re Marriage of Schaefer*, 2022 COA 112, ¶ 8.

¶ 12    Referencing an evaluation prepared by husband's vocational expert, the court found that wife's average earnings over three years were $114,000 or $9,500 monthly.

¶ 13    Wife and both parties' vocational experts testified that wife's income as a real estate agent would vary, and that the last several years of wife's income demonstrated both high and low points in the market. It is well established that when there is substantial

fluctuation or conflicting evidence regarding income, the court may consider past earnings and average such earnings to determine a party's current income. *See Capparelli*, ¶ 32. We therefore discern no error in the court's stated approach of averaging earnings from several years to determine wife's income.

¶ 14    However, husband's vocational expert opined that wife's average net earnings were $102,855 per year, not $114,000. Even using other earnings figures adopted by husband's vocational expert, we are unable to ascertain how the district court arrived at $114,000 as wife's income. Furthermore, the vocational expert made clear that her proposed "figure assumes [wife] would have doubled her income if she had worked a full year in 2021." In other words, the expert's figures used wife's potential, and not actual, income.

¶ 15    A district court may base its calculation on a determination of potential income if it determines that the party is voluntarily underemployed. §§ 14-10-114(8)(c)(IV)(for maintenance); 14-10-115(5)(b)(I)(for child support). But the district court made no such finding here, and husband concedes there was no evidence presented at the hearing to support such a finding.

¶ 16     We recognize that the district court was in a difficult position, entering orders many months after the evidentiary hearing and based only on transcripts. But the court must make sufficiently explicit factual findings to give the appellate court a clear understanding of the basis of the order. *In re Marriage of Gibbs*, 2019 COA 104, ¶ 9.

¶ 17     We therefore reverse the maintenance and child support portions of the permanent orders and remand to the district court to determine wife's income and provide clear support for how it arrived at that number. *In re Marriage of Kann*, 2017 COA 94, ¶¶ 97-80. If wife is still a real estate agent, the court may appropriately average wife's past earnings in determining her actual income. *Capparelli*, ¶ 32. Alternatively, if the court makes findings that wife is voluntarily underemployed or unemployed, it may impute income to wife. §§ 14-10-114(8)(c)(IV); 14-10-115(5)(b)(I). But in making its income determination, it may not use both actual and imputed income.

¶ 18     After determining wife's income, we direct the court to consider wife's request for maintenance and child support, following

the procedure laid out in sections 14-10-114(3)(a)(I) and 14-10-115(7).

¶ 19     In reconsidering these issues, the court must base its decision on the parties' financial circumstances at the time of remand. *Morton*, ¶ 34.  To do so, the district court may take additional evidence on these issues.

## IV.    Attorney Fees

¶ 20     Last, wife moved for attorney fees and costs pursuant to section 14-10-119, C.R.S. 2024.  At the start of the hearing, the court and parties agreed to address wife's motion at a separate hearing, to be set at another time.  Before beginning her testimony, wife confirmed that she would present evidence regarding attorney fees at a separate hearing.  At the conclusion of the hearing, the court told the parties that it would contact them prior to issuing permanent orders.

¶ 21     However, the assigned judicial officer retired a month later without notifying the parties.  The matter was reassigned to another judicial officer by the district's chief judge, who told the parties that that if there were issues that "cannot be gleaned from the transcript" or "something where there's any point of confusion or

8

any issue, we'll reach out to you all" for another status conference. The newly assigned judicial officer reviewed the transcript from the hearing and issued permanent orders three months later. Three months after that, the court ruled on wife's motion for attorney fees. The court noted that the January 2024 transcript did not contain any information or evidence regarding wife's request for attorney fees and further noted that wife did not schedule any further hearing to present evidence to support her motion. The court therefore denied wife's motion.

¶ 22 It is unclear from the district court's order if it simply denied the motion for attorney fees given the financial circumstances of the parties at the time or if it found that wife implicitly waived her request for a hearing by her failure to take steps to schedule one.

¶ 23 Waiver is the intentional relinquishment of a known right. To establish waiver, there must be a clear, unequivocal, and decisive act by the party against whom waiver is asserted. *In re Marriage of Schlundt*, 2021 COA 58, ¶ 18. "To constitute an implied waiver, the conduct must be free from ambiguity and clearly manifest the intent not to assert the benefit." *In re Marriage of Hill*, 166 P.3d 269, 273 (Colo. App. 2007). Here, although wife filed a number of

9

post-trial motions, a request for hearing on the issue of attorney fees was not among them. While the court made findings about wife's failure to act and not the financial circumstances of the parties, the court failed to make a clear finding that wife waived the issue of attorney fees.

¶ 24 On remand, the district court should make sufficient findings about wife's motion for attorney fees so that we can determine the basis of its decision. If the court finds that wife did not waive the issue, it may reconsider wife's entitlement to an award of attorney fees under section 14-10-119. In so doing, the court should base its decision on the parties' financial circumstances at the time of remand. *Morton*, ¶ 34.

¶ 25 Because the district court is better equipped to determine the factual issues regarding the parties' current financial resources, we also direct the court on remand to determine whether an award of appellate attorney fees under section 14-10-119 is appropriate. *See In re Marriage of Alvis*, 2019 COA 97, ¶ 30.

## V. Disposition

¶ 26 The portions of the judgment concerning the property division are affirmed. The portions of the judgment concerning

10

maintenance, child support, and wife's request for attorney fees are reversed. The case is remanded for further findings and proceedings as to wife's requests for maintenance, child support, attorney fees, and appellate attorney fees. Those portions of the judgment not challenged on appeal remain undisturbed.

JUDGE BERNARD and JUDGE HAWTHORNE concur.