24CA2240 Marriage of Keith 01-15-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA2240
El Paso County District Court No. 22DR1967
Honorable Marcus S. Henson, Judge

In re the Marriage of

Katlyn Gallardo,

Appellant,

and

Casey Wayne Keith,

Appellee.

## JUDGMENT AFFIRMED

Division III
Opinion by JUDGE KUHN
Dunn and Lipinsky, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 15, 2026

The Law Office of Andrew Bryant, LLC, Catherine H. Ford, Colorado Springs, Colorado, for Appellant

No Appearance for Appellee

¶ 1     In this dissolution of marriage proceeding between Katlyn Gallardo (wife) and Casey Wayne Keith (husband), wife appeals the district court's amendment of the permanent orders to deny her attorney fees and costs.  We affirm.

I.     Background

¶ 2     In 2024, the court dissolved the parties' marriage of approximately four and a half years.  In the resulting permanent orders, the district court divided the marital property and awarded wife maintenance and child support.

¶ 3     The court also ordered husband to pay wife's attorney fees and costs associated with a September 2023 motion to compel husband's compliance with his financial disclosure obligations.  Additionally, the court ordered husband to pay, under section 14-10-119, C.R.S. 2025, half of wife's attorney fees for the entire proceeding, in addition to the fees associated with the motion to compel.  The court directed wife to file an affidavit of attorney fees within fourteen days.

¶ 4     Husband objected to wife's affidavit of attorney fees, and following the district court's issuance of a written version of the permanent orders, husband filed a motion for reconsideration

under C.R.C.P. 59. In that motion, husband asked the court to reconsider its award of attorney fees to wife. Husband argued that wife did not present any evidence at the permanent orders hearing as to the reasonableness or necessity of her attorney fees in the form of an attorney fees affidavit, attorney fee agreement, or other evidence of the amount and nature of the attorney fees.

¶ 5 The district court granted husband's motion in part and set a hearing in September 2024 for the "parties to fully address the issue of attorney fees," including the fees related to wife's motion to compel and her "attorney fees more generally." At that hearing, wife was prepared to have a third-party attorney testify about the reasonableness of her attorney fees. But husband objected, asserting that wife had not disclosed the witness as an expert before the hearing.

¶ 6 After reviewing the electronic court file, wife's attorney conceded that the witness had not been disclosed because her paralegal had mistakenly filed an amended exhibit list instead of the witness disclosure. The district court accordingly barred the witness from testifying. Wife's counsel told the court that she could not prove the reasonableness and necessity of the attorney fees

without the expert witness.  So she asked the court to continue the hearing.

¶ 7    Instead, after reweighing the legal authority cited in husband's motion for reconsideration, such as C.R.C.P. 121, section 1-22, and *In re Marriage of Connerton*, 260 P.3d 62, 67 (Colo. App. 2010), the court concluded that it had likely erred when issuing the permanent orders by not having required wife to present concurrent evidence of the reasonableness of her attorney fees.  Citing both that conclusion and wife's failure to disclose her expert witness, the court rescinded the award of attorney fees to wife under section 14-10-119 and the award of attorney fees associated with the motion to compel.  The court also refused to continue the hearing.

¶ 8    Wife asked for leave to file a post-decree motion for attorney fees, which the district court similarly denied.  Lastly, the court declined wife's request that it reconsider the marital property division in light of its revised attorney fees ruling.

## II.    Analysis

¶ 9    On appeal, wife argues that the district court erred by (1) precluding her from moving for attorney fees after it entered the judgment; (2) not revisiting the marital property division; and

(3) rescinding its prior award of attorney fees. We address each contention in turn.

### A. Standards of Review and Applicable Law

¶ 10 We review for an abuse of discretion a district court's determination regarding attorney fees, including attorney fees under section 14-10-119 and fees awarded as a sanction under C.R.C.P. 37. *See In re Marriage of Rodrick*, 176 P.3d 806, 815-16 (Colo. App. 2007) ("The trial court has broad discretion in awarding attorney fees under [section] 14-10-119, and absent an abuse of such discretion, the court's award will not be disturbed on appeal."); *DA Mountain Rentals, LLC v. The Lodge at Lionshead Phase III Condo. Ass'n*, 2016 COA 141, ¶ 49 (recognizing that courts are given "wide flexibility in determining whether to impose sanctions" for discovery and disclosure violations). "A district court abuses its discretion when it acts in a manifestly arbitrary, unfair, or unreasonable manner, or when it misapplies the law." *In re Marriage of Herold*, 2021 COA 16, ¶ 5.

¶ 11 Section 14-10-119 permits the district court to equitably apportion attorney fees and costs in a dissolution proceeding based on a disparity in the parties' financial resources. But when

4

awarding attorney fees under section 14-10-119, the district court must consider both the reasonableness of the hourly rate and the necessity of the hours billed. *Connerton*, 260 P.3d at 67. Generally, a party requesting attorney fees under section 14-10-119 must present evidence of their reasonableness at the time of the proceeding for which the fees are sought. *See* C.R.C.P. 121, § 1-22(2) cmt. 2 ("Unless otherwise ordered by the court, [a request for] attorney fees under [section] 14-10-119 should be heard at the time of the hearing on the motion or proceeding for which they are requested."); *Connerton*, 260 P.3d at 67-68 (holding that district court did not err by denying the wife's request for attorney fees where she failed to present evidence as to the reasonableness of her fees at the corresponding hearing on child support modification).

### B. Attorney Fees Under Section 14-10-119

¶ 12    We first consider and reject wife's contention that, after reversing course on awarding her attorney fees under section 14-10-119, the district court erred by denying her leave to file a motion for post-judgment attorney fees under that section.

¶ 13    In support of her request, wife cited *In re Marriage of Williamson*, 205 P.3d 538, 543 (Colo. App. 2009), but the district

5

court concluded that *Williamson* was not applicable to the parties' procedural posture.

¶ 14    We agree with the district court.  In *Williamson,* another division of this court held that section 14-10-119 did not bar a party from seeking an award of appellate attorney fees even though he had not requested attorney fees in the district court.  *Williamson,* 205 P.3d at 543.  But the party in *Williamson* had only requested his attorney fees incurred *during that appeal,* and nowhere in that proceeding did he seek or receive an award of attorney fees that he had previously incurred in the district court.  *Id.*  Consequently, nothing in *Williamson* suggests that a party may move for and receive post-judgment section 14-10-119 attorney fees, contrary to Rule 121, section 1-22(2) comment 2, and *Connerton,* 260 P.3d at 67, which provide that a district court should address attorney fees under section 14-10-119 at the time of the hearing on the motion or proceeding for which a party has requested the fees.[1]

---

[1] As noted above, though a request for attorney fees should *generally* be addressed at the time of the hearing on the motion or proceeding for which they are requested, the district court retains discretion to make orders to the contrary.  *See* C.R.C.P. 121, § 1-22(2) cmt. 2.

## C.    Reallocation of Marital Property

¶ 15    We next consider and reject wife's contention that, because the district court reversed course on awarding her section 14-10-119 attorney fees, it was required to revisit the marital property division.

¶ 16    Citing *In re Marriage of Hill*, 166 P.3d 269, 272 (Colo. App. 2007), wife argues that because a marital property division and attorney fees under section 14-10-119 are interrelated, the district court was obliged to reconsider the marital property division once it rescinded her award of section 14-10-119 fees.  And it's true that in *Hill* — for purposes of determining whether a permanent orders judgment is a final, appealable order — another division of this court explained that the marital property division, maintenance, and any award of section 14-10-119 attorney fees are "inextricably intertwined."  *Hill*, 166 P.3d at 272 (quoting *In re Marriage of Antuna*, 8 P.3d 589, 595 (Colo. App. 2000)).  Thus, *Hill* acknowledged that when a property division is reversed, the district court must also reconsider maintenance and attorney fees.  *Id.*

¶ 17    In *In re Marriage of de Koning*, 2016 CO 2, ¶ 26, the supreme court elaborated that "awards of spousal maintenance and [section

14-10-119] attorney's fees flow from the property distribution, which is typically the linchpin of financial permanent orders." Like *Hill, de Koning* held that when a district court "revisit[s] a property division, it must also reevaluate maintenance and attorney's fees awards in light of the updated property division, because the issues are interdependent." *Id.* Critically, the *de Koning* court also clarified that "we have never indicated that the need for reevaluation works in both directions — to the contrary, we have suggested that when a trial court reconsiders an attorney's fees award on remand, it need not reexamine the parties' financial resources." *Id.*

¶ 18    Accordingly, applying *de Koning*, ¶ 26, we conclude that, even though the district court rescinded the section 14-10-119 award of attorney fees to wife, it did not err when it refused to reopen the marital property division.

## D. Attorney Fees Associated with Wife's Motion to Compel

¶ 19    For multiple reasons, wife asserts that the district court also abused its discretion by rescinding its prior award of attorney fees associated with her motion to compel. We are not persuaded.

¶ 20    To start, wife contends that the district court erred by applying Rule 121, section 1-22(2) comment 2, and *Connerton*, 260 P.3d at 67, to the fees associated with her motion to compel, which were a sanction for husband's failure to comply with his financial disclosure obligations and not an award under section 14-10-119. But even if we assume, without deciding, that the court so erred, we nevertheless affirm because wife failed to provide the required disclosures regarding her attorney fee expert witness in advance of the September 2024 hearing.

¶ 21    Wife next contends that the district court improperly excluded her witness from testifying at that hearing.  We again disagree.

¶ 22    C.R.C.P. 26(a)(2) governs the disclosure of expert witnesses.  If a party fails to disclose information required by Rule 26(a) without substantial justification, the party "shall not be permitted to present any evidence not so disclosed at trial . . . unless such failure has not caused and will not cause significant harm, or such preclusion is disproportionate to that harm."  C.R.C.P. 37(c)(1); *see also* C.R.C.P. 16.2(e)(3) (providing that the expert disclosure requirements of Rule 26(a)(2)(B) apply in dissolution of marriage proceedings).

¶ 23    A district court has substantial discretion when imposing sanctions for nondisclosure. *See In re Marriage of Davis*, 252 P.3d 530, 537 (Colo. App. 2011). But the supreme court has explained that under C.R.C.P. 37(c)(1), exclusion of an undisclosed witness or evidence is not automatic. *Cath. Health Initiatives Colo. v. Earl Swensson Assocs.*, 2017 CO 94, ¶¶ 12-15. Instead, the district court must undertake a harm and proportionality analysis that examines the harm caused by the nondisclosure and weighs the proportionality of any sanction to be imposed. *Id.* The harm inquiry examines whether the failure to disclose the evidence or witness "in a timely fashion will prejudice the opposing party by denying that party an adequate opportunity to defend against the evidence" or witness. *Todd v. Bear Valley Vill. Apartments*, 980 P.2d 973, 978-79 (Colo. 1999) (listing additional factors that the court may consider such as the importance of the witness's testimony, the explanation for the nondisclosure, the prejudice or surprise to the opposing party, the ability of the party to cure the prejudice, and the availability of a continuance).

¶ 24    Here, we are satisfied that the district court's decision to exclude wife's expert witness was based on proper considerations

and not disproportionate to the nondisclosure. The court expressed concern that husband had not received any advance notice as to the identity of wife's witness, who the court recognized would be testifying as an expert on the topic of attorney fees. Likewise, the court found that husband had not received a written report containing, at a minimum, a description of the expert witness's opinions and a summary of the witness's qualifications — all of which would have afforded husband an opportunity to defend against the witness. *See* C.R.C.P. 26(a)(2)(B); *Todd*, 980 P.2d at 978-79.

¶ 25    Next, wife argues that although she had failed to disclose her expert witness, the district court should have continued the hearing. She asserts she had good cause for obtaining a continuance and should have received another opportunity to present the expert's testimony.

¶ 26    A "[m]otion for [a] continuance[] of a hearing . . . shall be granted only for good cause." C.R.C.P. 121 § 1-11. Whether "to grant or deny a request for a continuance is left to the sound discretion of the trial court." *Todd*, 980 P.2d at 976. When evaluating good cause, a "trial court should consider 'the

11

circumstances of the particular case, weighing the right of the party requesting the continuance to a fair hearing against the prejudice that may result from delay.'" *Cherry Creek Sch. Dist. No. 5 v. Voelker*, 859 P.2d 805, 809 (Colo. 1993) (quoting *Butler v. Farner*, 704 P.2d 853, 858-59 (Colo. 1985)).

¶ 27    During the attorney fee hearing, wife's counsel argued that "making . . . an administrative mistake is good cause" for the requested continuance.  And on appeal, she argues that the filing error constituted good cause for the continuance because "[t]he attorney was unaware of the error until the day of [the hearing] and thus could not have corrected it."  We disagree.

¶ 28    Errors in document filing are foreseeable, even if they only happen rarely.  And while wife's counsel blames her paralegal for the filing error — a practice of which we do not approve — ultimately, it was counsel's responsibility to ensure the correct document was filed.  *See Goodman Assocs., LLC v. WP Mountain Props., LLC*, 222 P.3d 310, 319 (Colo. 2010) (noting that not having an office system to ensure documents are processed correctly does not constitute excusable neglect); *Riggs Oil & Gas Corp. v. Jonah*

*Energy LLC*, 2024 COA 57, ¶ 64 (addressing attorney's misplaced blame for a filing error on an assistant).

¶ 29    Regardless, the court did consider the circumstances of the case and weigh the resulting prejudice from a continuance to each party. The district court acknowledged that wife's nondisclosure of the witness appeared unintentional and acknowledged that wife was requesting to continue the hearing based on the prejudice that would result from excluding her sole witness. But the court also recounted the history of the case, including that the permanent orders hearing had been held "some time ago." And it concluded that, notwithstanding wife's unintentional nondisclosure, it would be inappropriate to allow additional time for a new hearing on attorney fees.[2]

---

[2] The court also expressed concern that it should not have permitted a later hearing on the amount of attorney fees under section 14-10-119, C.R.S. 2025, citing C.R.C.P. 121, section 1-22 comment 2, and *In re Marriage of Connerton*, 260 P.3d 62, 67 (Colo. App. 2010). But both the comment and *Connerton* contemplate that a court can "order that the issue of attorney fees w[ill] be heard after the hearing." *Connerton*, 260 P.3d at 67; C.R.C.P. 121, § 1-22(2) cmt. 2 (noting that a court can "otherwise order[]" that attorney fees be heard at a different time). Nonetheless, wife doesn't claim that the court abused its discretion on this basis, so we don't address it further. *See Galvan v. People*, 2020 CO 82, ¶ 45 (discussing party presentation principle).

¶ 30    Although the district court did not fully detail the reasons for its prejudice findings, we perceive no abuse of the court's discretion given that it examined the harm to husband arising from wife's complete nondisclosure, while also balancing the harm to wife arising from denial of a continuance against setting a new attorney fees hearing.  *See Cath. Health Initiatives Colo.*, ¶¶ 12-15; *see also Trattler v. Citron*, 182 P.3d 674, 681 (Colo. 2008) (recognizing that the complete failure to identify and disclose an expert witness may justify precluding that witness from testifying (citing *Todd*, 980 P.2d at 978)); *People in Interest of C.L.T.*, 2017 COA 119, ¶ 36 (recognizing that the court's findings may be implicit in its ruling). We therefore cannot say that the district court abused its discretion by denying wife's requested continuance.

## III.   Disposition

¶ 31    The judgment is affirmed.

JUDGE DUNN and JUDGE LIPINSKY concur.