23CA1609 Marriage of Lyttle 07-25-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1609 Eagle County District Court No. 22DR30001 Honorable Rachel Olguin-Fresquez, Judge In re the Marriage of Romaine Ronald Lyttle, Appellant, and Marissa Martina Lyttle, Appellee. JUDGMENT REVERSED AND CASE REMANDED WITH DIRECTIONS Division III Opinion by JUDGE MOULTRIE Dunn and Yun, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 25, 2024 Polidori, Franklin, Monahan, & Beattie, LLC, Robin Lutz Beattie, Lakewood, Colorado, for Appellant The Burnham Law Firm, P.C., Samuel J. Scheurich, Brian D. Teed, Centennial, Colorado, for Appellee 
1 ¶ 1 Romaine Ronald Lyttle (husband) appeals portions of the judgment entered following the dissolution of his marriage to Marissa Martina Lyttle (wife), specifically the (1) calculations used by the trial court to determine the maintenance award; (2) sufficiency of findings regarding whether wife was voluntarily underemployed for purposes of determining maintenance and child support; and (3) sufficiency of the findings supporting the maintenance award. ¶ 2 We reverse the trial court’s judgment regarding maintenance and child support and remand the case for the trial court to reconsider those matters consistent with this opinion. I. Background ¶ 3 The parties were married for fourteen years, during which time they had three children. The trial court entered a decree dissolving the parties’ marriage in April 2023 following a bifurcated
1 permanent orders hearing. 1 The court bifurcated the contested parenting issues and financial issues. The hearing on allocation of parental responsibilities was held in January 2023, and the hearing on financial matters was held in April 2023. 
2 ¶ 4 Before the April 2023 hearing (April hearing), and for the purpose of calculating child support and maintenance, the parties stipulated that husband’s annual earning potential was $75,000. The parties disputed whether wife should pay husband spousal maintenance, and if so, the amount. The parties also disputed the amount of wife’s income, and husband asserted that wife was voluntarily underemployed. ¶ 5 After the April hearing, the trial court entered permanent orders and found, as relevant here, that • wife was an anesthesiologist and husband was a financial professional in the banking industry; • when the parties had children, husband reduced his employment to stay home with the children, which “allow[ed] [w]ife to excel in her medical profession”; • before the parties’ separation, wife earned up to $55,000 per month; • wife decreased her workload and suspended her partnership interest in an anesthesia practice during the pendency of the divorce proceeding, which in turn 
3 reduced her monthly income from approximately $55,000 to $20,000-$25,000; • “[w]ife has suffered some mental health challenges causing her to reduce the amount of work she is able to complete but appears to be able to increase her income when she is ready and willing to do so”; • a “near equal” division of marital assets was “appropriate,” and an equitable division of the marital estate was awarding husband $503,803.50 and wife $519,378.00 in marital assets; • husband lacked sufficient property, including marital property awarded to him, to provide for his reasonable needs and was unable to support himself through appropriate employment; • “[t]he gross income of the parties [was] $375,000/year”; • husband’s monthly income was $6,250 and wife’s monthly income was $25,000 for a combined total gross monthly income of $31,250; • husband’s monthly expenses totaled $6,705.78, which left him with a monthly deficit of $455.76; 
4 • wife’s monthly expenses totaled $24,398, which left her with a monthly surplus of $602; • “[h]usband will need maintenance to sustain a similar lifestyle to that enjoyed during the marriage”; • “[h]usband has a reasonable financial need [and] [w]ife can pay a reasonable maintenance [award] to husband”; and • “[t]he parties were married for 166 months.” ¶ 6 Based on those findings, the trial court ordered wife to pay husband a monthly maintenance amount of $73.11 for a term of eighty-three months. Husband filed a motion for post-trial relief requesting the court reconsider the maintenance award. Noting that section 14-10-114(3)(a)(I)(A), C.R.S. 2023, states that spousal maintenance should be based on “[t]he amount of each party’s gross income,” husband asserted that the court erred in its maintenance calculation by deducting certain expenses from the parties’ gross monthly incomes before determining the maintenance amount. ¶ 7 Wife objected to the request for reconsideration, arguing that the court’s deductions were appropriate considerations of 
5 husband’s reasonable need for maintenance and wife’s ability to pay a maintenance award, as required by section 14-10-114(3)(c). ¶ 8 The trial court denied husband’s motion for post-trial relief, noting that the permanent orders “reference the parties’ gross incomes” and “include[] an analysis of the maintenance factors found in C.R.S. § 14-10-114.” This appeal followed. II. Standard of Review ¶ 9 We review maintenance and child support orders for an abuse of discretion as “the issue of the [parties’] financial resources is factual in nature,” but we review de novo whether the trial court applied the correct legal standard to its findings of fact. In re Marriage of Davis, 252 P.3d 530, 533 (Colo. App. 2011); see also In re Marriage of Wells, 252 P.3d 1212, 1213 (Colo. App. 2011) (child support); In re Marriage of Yates, 148 P.3d 304, 313 (Colo. App. 2006) (maintenance). ¶ 10 Whether a party is “voluntarily underemployed” presents a mixed question of law and fact under section 14–10–114(8)(c)(IV). People v. Martinez, 70 P.3d 474, 476-77 (Colo. 2003). We defer to the trial court’s findings of fact if they are supported by the record 
6 and review its legal conclusions de novo. Id. at 476; see also In re Marriage of Garrett, 2018 COA 154, ¶ 9. III. Applicable Legal Principles A. Calculation of Maintenance ¶ 11 Section 14-10-114(3) details the process a trial court must follow when considering a maintenance request. In re Marriage of Wright, 2020 COA 11, ¶ 13. The court must first make findings concerning (1) the amount of each party’s gross income; (2) the marital property distributed to each party; (3) the financial resources of each party; (4) the reasonable financial need established during the marriage; and (5) whether the maintenance award would be deductible for federal income tax purposes. § 14-10-114(3)(a)(I); see also Wright, ¶ 14. ¶ 12 After making these initial findings, the court must determine the amount and term of maintenance, if any, that is fair and equitable to the parties. § 14-10-114(3)(a)(II); Wright, ¶ 15. And where, as here, the parties’ combined annual adjusted gross income exceeds $240,000, the advisory guideline amount of maintenance doesn’t apply; instead, the trial court must consider the nonexclusive list of thirteen factors set forth in section 
7 14-10-114(3)(c) when determining the maintenance award’s amount but may consider the advisory guideline term set forth in section 14-10-114(3)(b)(II) when establishing the maintenance award’s duration. § 14-10-114(3.5); In re Marriage of Herold, 2021 COA 16, ¶ 26. ¶ 13 The trial court isn’t required to make explicit factual findings about each of the thirteen factors in section 14-10-114(3)(c), as long as the record shows that it meaningfully considered the factors, and it provides us with a clear understanding of the basis for its decision. Wright, ¶ 20. B. Determination of Income ¶ 14 “Gross income” means income from any source and includes potential income for a party who the court finds is voluntarily underemployed. § 14-10-114(8)(c)(I), (IV). And a party is voluntarily underemployed if the trial court finds they are 
8 “unreasonably for[]going higher paying employment that [they] could obtain.” Martinez, 70 P.3d at 476.
2 ¶ 15 If a party is voluntarily underemployed, the trial court must determine what the party could reasonably earn and contribute. Id. “Potential income” is “the amount a party could earn from a full-time job commensurate with the party’s demonstrated earning ability.” In re Marriage of Tooker, 2019 COA 83, ¶ 26. To determine potential income, the court may consider the party’s historical income, education, and work experience. Id. A trial court may “interpret a [party]’s lack of initiative in finding or keeping work as a voluntary refusal to fulfill a support obligation.” Martinez, 70 P.3d at 480. ¶ 16 Section 14-10-114(8)(a)(I) sets forth the three acceptable adjustments to a party’s gross income for maintenance calculation purposes: (1) a pre-existing court-ordered child support obligation actually paid by a party; (2) a pre-existing court-ordered 2 While People v. Martinez, 70 P.3d 474 (Colo. 2003), concerned child support, similar principles apply to a court’s determination of whether a person is voluntarily underemployed, and should be imputed potential income, for purposes of calculating maintenance. Compare § 14-10-115(3)(c), C.R.S. 2023 (child support guidelines), with § 14-10-114(8)(a)(II), C.R.S. 2023 (maintenance). 
9 maintenance obligation actually paid by a party; or (3) adjustments for any children who are not children of the marriage for whom the party has a legal responsibility to support. IV. Discussion A. The Trial Court Erred in Calculating the Parties’ Combined Adjusted Gross Income ¶ 17 Husband asserts the trial court erroneously calculated the parties’ combined adjusted gross income and then relied on that incorrect adjustment to calculate his maintenance award. We agree. ¶ 18 None of the adjustments authorized by section 14-10-114(8) applied here. As such, the trial court was required to use each party’s actual gross income when calculating maintenance. See § 14-10-114(3)(a)(I)(A). ¶ 19 The parties stipulated that husband’s potential income was $6,250 per month ($75,000 per year), and the trial court found that wife’s income was $25,000 per month and “[t]he gross income of the parties [was] $375,000/year.” But as discussed in Part IV.B below, the court’s findings about wife’s income were insufficient. 
10 ¶ 20 Wife concedes that “the trial court did not strictly calculate ‘adjusted gross income’ under the statute” but maintains that any error in calculating adjusted gross income was harmless. We disagree. ¶ 21 Instead of using the parties’ gross incomes as required by section 14-10-114(3)(a)(I)(A) and (8)(c)(I), the court — contrary to section 14-10-114(8)(a)(I) — “adjusted” both parties’ monthly incomes by deducting certain expenses from each party’s monthly income to arrive at a net total monthly income for the parties, from which it then determined the maintenance award amount.
3 We can’t conclude that this error was harmless given the court’s failure to follow the statutory procedures and the resulting minimal maintenance award. See C.R.C.P. 61; see also In re Parental Responsibilities Concerning E.E.L-T., 2024 COA 12, ¶ 30 (noting that 3 The court deducted certain expenses, such as housing and child-
related expenses, from husband’s stipulated monthly income ($6,250) and wife’s monthly income as found by the court ($25,000) to arrive at net monthly incomes for each party, resulting in a $455.78 deficit for husband and a $602 surplus for wife. The court then subtracted husband’s deficit from wife’s surplus to arrive at a figure ($146.22) it then divided in half to arrive at the maintenance award amount ($73.11). 
11 an error that substantially influences the outcome of a case or impairs the basic fairness of a trial is reversible). ¶ 22 Accordingly, we remand to the trial court to calculate maintenance based on the parties’ gross incomes as set forth in section 14-10-114(8)(c)(I). On remand, the trial court should consider the parties’ current circumstances and receive additional evidence. In re Marriage of Salby, 126 P.3d 291, 301 (Colo. App. 2005). The court’s new orders must contain specific factual findings supported by the record explaining how it arrived at any awarded maintenance amount. See In re Marriage of Evans, 2021 COA 141, ¶ 62; see also § 14-10-114(3)(e). B. The Trial Court’s Findings Regarding Wife’s Income were Insufficient ¶ 23 Husband also contends that the trial court failed to make explicit findings regarding whether wife was voluntarily underemployed, such that potential income should have been imputed to her. Wife asserts that the trial court implicitly rejected husband’s argument that she was voluntarily underemployed by finding she had “suffered some mental health challenges causing her to reduce the amount of work she is able to complete but 
12 appears to be able to increase her income when she is ready and willing to do so.” ¶ 24 While a court’s findings may be implicit in its ruling, see In re Marriage of Nelson, 2012 COA 205, ¶ 41, it must make factual findings sufficient to support its determination of whether a party is voluntarily underemployed. See In re Marriage of Martin, 42 P.3d 75, 80 (Colo. App. 2002). ¶ 25 The court appears to have credited wife’s testimony, supported by her sworn financial statement, that when she reduced her hours due to “mental health challenges,” her monthly income fluctuated but averaged $20,000. And wife acknowledged that her most recent paycheck was for $25,000. ¶ 26 Conversely, wife didn’t dispute that she historically earned approximately $55,000 per month, including during the dissolution proceedings. And the court found that “[w]ife has the option of becoming a partner again if she chooses based on her strong work ethic and competence” and that “[w]ife can, when she chooses, return to full partnership at [the anesthesia practice],” which would “significantly increase her income.” (Emphasis added.) 
13 ¶ 27 The trial court’s findings that wife could “choose” to return to her anesthesia practice full time — thereby receiving more income — contradict the conclusion that the court implicitly rejected that wife was voluntarily underemployed. See Martinez, 70 P.3d at 480. Because of the contradictory findings in the court’s order, we are unable to discern from the record whether the court implicitly found that wife was reasonably forgoing higher paying employment because of her life circumstances, or that she was unreasonably forgoing higher paying employment because she could presently — but hadn’t chosen to — return to such employment. See Wright, ¶ 20; see also Garrett, ¶ 15 (noting insufficiency of findings regarding voluntary underemployment). ¶ 28 Thus, the trial court’s findings are insufficient for us to conclude that the court considered but rejected husband’s assertion that wife was voluntarily underemployed. Because the trial court must consider the parties’ current financial circumstances on remand, see Wright, ¶ 24, the court must also consider and make sufficient findings about whether wife is voluntarily underemployed should husband continue to assert that on remand. 
14 ¶ 29 If husband asserts that wife remains voluntarily underemployed, the trial court must first determine whether she is voluntarily underemployed before calculating the parties’ gross incomes. See § 14-10-114(8)(c)(I), (IV). If the court finds wife is voluntarily underemployed, then it must impute potential income to her before calculating maintenance and child support. See id. C. Sufficiency of Findings Regarding the Maintenance Award and Recalculation of Child Support ¶ 30 Husband asserts that the trial court’s findings were insufficient to support its monthly maintenance award of $73.11. Since we are remanding for the trial court to recalculate the parties’ gross incomes and the resulting maintenance amount, and since that amount is based on the parties’ financial circumstances at the time of the order, we decline to further address this contention. See Wright, ¶ 24. ¶ 31 We note that husband asserts the trial court improperly included wife’s parents’ monthly food expenses when determining wife’s reasonable monthly expenses. To the extent that this issue arises on remand, the court should only consider contributions made to either party based on a legal obligation. See In re Marriage 
15 of Balanson, 107 P.3d 1037, 1048 (Colo. App. 2004) (noting that whether the parties’ adult child lived with wife was irrelevant to wife’s own reasonable and necessary expenses). ¶ 32 Additionally, the court must recalculate the length of the parties’ marriage because it may impact its determination of the term of maintenance. § 14-10-114(3.5). Though not raised by either party, it appears the court erroneously concluded that the parties were married for 166 months. See In re Marriage of Young, 2021 COA 96, ¶ 8. The parties were married on June 13, 2008, and the decree of dissolution was effective on April 27, 2023. A court must consider the duration of the parties’ marriage in determining a maintenance award, which is defined as “the number of whole months, beginning from the first day of the month following the date of the parties’ marriage until the date of the decree.” § 14-10-114(3)(c)(VII), (8)(b). Given the dates of the parties’ marriage and the final decree, the duration of the parties’ marriage was 177 months.
4 4 The dates used for this calculation are from July 1, 2008, to April 27, 2023. 
16 ¶ 33 Lastly, because maintenance and child support are “inextricably intertwined,” we also remand for recalculation of child support consistent with section 14-10-115(3)(a), C.R.S. 2023. Salby, 126 P.3d at 301. D. Appellate Attorney Fees and Costs are Remanded to the Trial Court ¶ 34 Asserting that wife has superior financial resources, husband requests his reasonable appellate attorney fees and costs. ¶ 35 Section 14-10-119, C.R.S. 2023, authorizes a court to award attorney fees in dissolution proceedings after considering the financial resources of both parties. ¶ 36 While husband is entitled to his appellate costs, see C.A.R. 39(a)(3), because the trial court is better equipped to determine the factual issues regarding the parties’ current financial resources, we remand to it the issue of whether husband should be awarded reasonable appellate attorney fees. See C.A.R. 39.1; In re Marriage of Bochner, 2023 COA 63, ¶ 22; see also In re Marriage of Schaefer, 2022 COA 112, ¶ 37 (holding that wife’s request for award of her attorney fees associated with successful appeal of maintenance and child support awards would be considered on remand). 
17 V. Disposition ¶ 37 The judgment is reversed. This case is remanded to the trial court with directions to (1) determine a maintenance award for husband based on the parties’ gross incomes that is supported by sufficient findings for the amount and term of maintenance awarded; (2) make additional factual findings and a conclusion of law determining whether wife is voluntarily underemployed if husband maintains that argument on remand; (3) impute to wife her potential income if she is found to be voluntarily underemployed; (4) recalculate child support; and (5) determine whether husband is entitled to reasonable attorney fees associated with this appeal. JUDGE DUNN and JUDGE YUN concur.